## O'NEIL v. VANDERBURG.

1. **Evidence:** DECLARATIONS OF THIRD PARTY. The declarations or admissions of a person who has parted with the title to certain real estate, are not admissible to impeach the title acquired by another,

O'Neil v. Vanderburg.

when it is not shown that the latter was present when such declarations were made, nor that he was in any manner connected therewith.

2. **Conveyance:** AFTER ACQUIRED INTEREST: HUSBAND AND WIFE. An after acquired interest by a wife, in real estate previously conveyed by her husband, she joining in the covenants of the deed and relinquishing her right of dower, does not inure to the grantee of the husband. It was accordingly *held*, where a wife joined her husband in the execution of a warranty deed of real estate belonging to him, upon which there was at the time an incumbrance previously executed by them, under foreclosure sale of which the property was afterward sold to one who subsequently sold and conveyed it to the wife, who, her husband joining in the conveyance, sold and conveyed it to another, that the title thus acquired by her did not inure to the grantee in the deed executed by her husband and self, and that her grantee became invested with the paramount title.

*Appeal from Blackhawk District Court.*

FRIDAY, JUNE 19.

EJECTMENT, LEGAL TITLE, ESTOPPEL, ETC. — Action at law, in ordinary form, to recover a parcel of ground in Waterloo. Each party claims the title. Both claim under one Thomas Atkinson. Plaintiff's title is a warranty deed from the said Atkinson and Anna M., his wife, dated in October, 1858, the wife joining in the granting part and covenants, and expressly relinquishing dower.

The defendant's title is thus derived: In August, 1858, the said Thomas Atkinson and wife conveyed the property by deed of trust, with power of sale, to one Bailey a trustee for Ware. The trust-deed was foreclosed and the premises sold and conveyed to Ware in January, 1859; afterward they were sold and conveyed by Ware to the said Anna M. Atkinson (wife of the said Thomas Atkinson) and afterward they were sold and conveyed by Mrs. Atkinson (her husband joining in the conveyance) to Vanderburg, the defendant.

On the trial, the conveyances on each side, above referred to, were introduced in evidence, without objection.

Defendant proved himself to be in possession.

Plaintiff introduced a witness who testified that he, acting for the plaintiff, "told defendant of the claim of the plaintiff to said premises."

Defendant testified and denied such conversation or any notice at the time he purchased, of plaintiff's claim to the premises.

On the foregoing matters no exception was taken to any ruling or decision of the court.

Plaintiff proposed to prove by a witness "that Thomas Atkinson had admitted to the witness, while the witness was acting as attorney for the plaintiff, that the sale of the premises by Bailey as trustee to Ware was made in the interest of the said Thomas Atkinson, and at his instance and direction, and for him, the said Atkinson." To this evidence the court sustained defendant's objection, and the plaintiff excepted.

The only other exception taken on the trial was to the action of the court in rendering judgment on the foregoing evidence for the defendant.

Plaintiff appeals.

*C. D. Gray* for the appellant.

*L. Alford* for the appellee.

DILLON, Ch. J. — Plaintiff's action was at law. His petition was substantially in conformity with section 3570, of the Revision, claiming a fee simple ownership. The defendant denied the plaintiff's title and claimed to be himself the owner. The only issue made under the pleadings was which of the two parties held the legal title and right of possession.

Plaintiff's counsel have argued the cause as if it involved, which it does not, the equities of the respective parties; and if it did, on the evidence before the court, the superiority of the defendant's title was not overcome.

We propose to notice simply the rulings to which exceptions were duly taken.

1. There was no error in excluding the testimony as to the admission of Atkinson respecting the trustee's sale.

1. EVIDENCE: declarations of third party. He had ceased to have the title, which was in another, who was not present when the admission was made, and who would not, therefore, *prima facie*, be bound by it, and who was not proposed, so far as shown by the record, to be connected with such admission. Such evidence might, under certain circumstances, be proper, as a link in a chain of testimony; but standing alone it would have been inoperative if admitted. Hence, we cannot reverse the judgment because it was rejected.

2. It is quite clear that the legal title passed to Bailey, the trustee, from him to Ware, from Ware to Mrs. Atkinson, and from the latter to the defendant.

The clerical error in the trustee's deed as to date of posting notices of sale would not invalidate it.

The deed was executed by the trustee in the form prescribed by the power contained in the deed of trust, and had the effect to pass the legal title.

3. The subsequent purchase of the property by the wife would not inure to the plaintiff, as the previous

2. CONVEYANCE: after acquired interest: husband and wife. grantee of the husband, although the wife had joined in the prior conveyance for the purpose of relinquishing her dower. This point is the same as that decided in *Childs* v. *McChesney* (20 Iowa, 431).

If the wife made this purchase with the husband's money, it would, at least in equity, as against the hus-

band and wife, inure to the plaintiff; and it would have the same effect, as respects the defendant, if he purchased from the wife, with notice of the fact.

But the plaintiff made no proof that the wife's purchase from Ware was made with her husband's means. If it be granted that such an inquiry was proper in the present action, the duty of showing that the purchase by Mrs. Atkinson was not made with her separate money was on the plaintiff. The plaintiff did not show this. The proposed admission of Atkinson, if it were regarded as in the case, would not be sufficient to defeat the title of the defendant.

Without prejudice to the equitable rights of the plaintiff, if any she has, the judgment below is

Affirmed.