Bener v. Edgington.

---

BENER *et al.* v. EDGINGTON.

1. **Execution**: COVERING PROPERTY: TITLE AS BETWEEN PARENTS AND CHILDREN: EVIDENCE. Land was conveyed to a mother in trust for her children. The father, mother and children all lived as a family on the land, and they had among them certain live stock and crops raised on the land, and certain other property which was realized from the industry of the different members of the family. This property was levied upon to satisfy a judgment against the father and the mother, but the children sought to replevy it as belonging to them, and the issue joined involved the good faith of the parties toward the creditors of the parents. *Held* that the purpose for which the land was conveyed to the mother; whether its occupancy by the family was contemplated by such purpose; the family relation of the children—whether they were all members of the family with the father and mother as the head thereof; the amount of labor contributed by the parents and children to the production of the property, and other such matters, were proper to be considered in determining who were the real owners of the property; and that these matters could be shown by the acts and declarations of the parties interested.

| 76 | 105 |
|----|-----|
| 96 | 733 |
| 76 | 105 |
| 102 | 571 |
| 76 | 105 |
| 105 | 272 |
| 76 | 105 |
| f110 | 576 |
| 76 | 105 |
| 128 | 482 |
| 76 | 105 |
| 130 | 16 |

2. ——— : ——— : ——— : ADMISSIONS OF JUDGMENT DEBTOR. In such case the declaration of the mother that she intended to protect her property from the creditors by claiming that it belonged to her oldest son, when not made in the presence of the plaintiffs nor assented to by them, was not admissible as against them.

3. **Evidence**: EXCLUSION OF DECLARATIONS. This court cannot say that there was error in excluding evidence of declarations the substance of which is not shown by the record.

4. **Instruction**: REPETITION. It is not error to refuse to give instructions asked on points fully and correctly covered by the court's own charge.

5. **Parent and Child** : PRODUCE OF FARM HELD BY MOTHER IN TRUST FOR CHILDREN : OWNERSHIP OF PRODUCE : EVIDENCE. Where a mother held the title to land in trust for her children, and the whole family, including the father, lived upon and cultivated the land, if by agreement or understanding of the parties the family occupied the land for the benefit of the children, by whose labor in cultivating it the property in question was acquired, and some of the children had been emancipated by the parents, and those not emancipated had, with the consent of the parents, labored upon the farm for their own advantage, and not for their parents, *held* that the property did not belong to the parents, but to the children ; also that the agreement or understanding referred to might be inferred from the acts, conduct and transactions of the parents and children.

6. ——— : ——— : ——— : INSTRUCTION. In such case, if some of the children acquired the property for themselves and the other children, under an understanding with the parents that it should belong to the children, and not to the family generally, then it was not liable for the debts of the parents, and an instruction to that effect is approved.

*Appeal from Black Hawk District Court.*—HON. J. J. NEY, Judge.

'FILED, OCTOBER 29, 1888.

ACTION of replevin to recover the possession of certain personal property. There was a judgment upon a verdict for plaintiffs. Defendant appeals.

*O. C. Miller* and *Boies, Husted & Boies*, for appellant.

*Alford & Gates* and *C. W. Mullen*, for appellees.

BECK, J.—I. The defendant, as a sheriff, levied an execution issued upon a judgment against Gregor' and Margaret Bener, husband and wife, upon certain live-stock, oats not harvested, and a wagon, as the property of the defendants in execution. The plaintiffs, who are their children, prosecute this action, claiming to recover the property on the ground that they are the absolute owners thereof. The following facts, either undisputed or conclusively established by the evidence, disclose the foundation upon which the respective parties base their claims as to the title of the property. The father, Gregor Bener, in 1877, left his family in Black Hawk county, and went to California. He was poor, embarrassed, in debt and unthrifty. He had seven children, the eldest fifteen and the youngest an infant of two months, all of whom he left with his wife, together with the little personal property he possessed, consisting of a team of horses and harness, two cows, four hogs and some farming utensils. The family struggled along in their poverty, the children sometimes working for wages and sometimes raising small crops on rented land. The mother received all their earnings and the avails of their labor. Two of the daughters went to the father in California. In 1881, the mother of Margaret, the wife, conveyed to her in trust for her children one hundred and twenty acres of land. The deed provides that the land shall be held by the mother as trustee until the youngest child reaches the age of twenty-one years, and that all liens and incumbrances upon it be paid, and a small quantity of wheat be delivered to the grantor each year. Soon after the deed was executed, the family went upon the land, and subsequently lived upon and cultivated it; and the husband and father, Gregor, returned from California, his daughters preceding him, and joined his family on the farm about three weeks after they had removed to it. He and they lived on the farm as a reunited family. The stock levied upon was raised upon the farm, and the property was

*1. EXECUTION: covering property: title as between parents and children: evidence.*

the production realized from the industry of the different members of the family. The father had, before he went to California, executed an instrument in writing, emancipating his eldest son; but he appears to have continued to reside with the family as a member of it just as before his emancipation.

II.   Numerous errors are assigned upon the rulings of the court on questions relating to the admission of evidence, and to instructions to the jury given and refused, as well as upon other actions of the court. It is impossible to consider separately all of the assignments of errors, and the importance of the questions raised on them does not demand it.

III.   The defendant insists that the property in question belongs to the father and mother, and is subject to their debts, while plaintiffs insist that, as it was produced from the land held by their mother, as trustee for them, by their own labor, the property belongs to them, and cannot be taken upon an execution against their parents. It is plain that if the plaintiffs resided in the family of their parents, as members thereof, and contributed by their labor as members of the family to the acquisition of the property, the title thereof is in their parents, and it is subject to the judgment against them. The fact that the land was conveyed to the mother in trust for the children *per se* would not prevent the parents cultivating it on their own account by the labor of the family. The purpose for which the land was conveyed to the mother, whether its occupancy by the family was contemplated by such purpose, the family relation of the children, whether they were all members of the family with the father and mother as the head thereof, the amount of labor contributed by the children and the parents to the production of the property, all these matters, and others, were properly to be considered in order to determine who were the real owners of the property. These matters could be shown by the acts and declarations of the parties interested. If the parents and children united in regarding the father and mother as the head of the family, of which the children

Bener v. Edgington.

were members, the property would be subject to the execution, for it would belong to the head of the family. Evidence was admitted tending to show these and other like matters in the manner indicated, which is now made the subject of objection. In our opinion it was not erroneously admitted. It tended to establish the ownership of the property. We are not prepared to hold that the court committed errors in admitting evidence complained of by defendant, which tended, in some degree, to disclose the true ownership of the property in controversy by inferences based upon the acts, relations, conduct and declarations of the parties. It will be remarked that the case presents conflicting claims as to the title of property. The defendant insists that plaintiffs' claim is fraudulent, in that they seek thereby to cover and conceal the property, so that it cannot be reached and made subject to the claims of creditors. The honesty and good faith of plaintiffs are put in issue. The fraudulent character of plaintiffs' claim to the property, of course, may be shown by acts, admissions and conduct of the parties inconsistent with the good faith of the claim. Its good faith and validity may be supported by evidence of acts and conduct consistent therewith. Hence the evidence we have referred to is competent upon the issues involving fraud in the transactions, as it is in all cases involving inquiry into the good faith of the transactions of the parties.

IV. The defendants asked the mother of the plaintiffs, upon cross-examination, if she did not make certain statements to the effect that she proposed to protect her property from the creditors by the claim that it belonged to her oldest son. The questions do not seem to have been propounded to lay the foundation for impeachment. We think the evidence sought by them is not competent to bind or prejudice plaintiffs, for the reason that the statements were not made in the presence of plaintiffs, or assented to by them ; nor are they to be regarded as bound by them in any other way.

2. ——: ——: admissions of judgment debtor.

Bener v. Edgington.

V. Certain questions were asked witness by defendant's counsel calling for statements and declarations made by the mother of plaintiffs. The witnesses were not permitted to answer them. The rulings do not appear to be erroneous, for the reason that the record fails to show the substance of the declarations, so that we cannot determine that they were competent. On the same grounds the refusal to permit some questions to be asked other witnesses cannot be held to be erroneous.

**3. EVIDENCE: exclusion of declarations.**

VI. The court refused to hear a witness testify as to the person making payment to him of money borrowed by plaintiffs' father. The grounds of the exclusion do not clearly appear. But we are inclined to think it was for the reason that the court thought quite enough evidence of that character had been introduced. But whatever was the ground of the exclusion, we are unable to declare that, if it were erroneous, defendant was prejudiced thereby.

VII. The defendant asked the court to instruct the jury as to the right of the father to the earnings of his minor children, and of children who have reached their majority, but live as members of his family. The court, on its own motion, gave correct instructions on these points. Even if the instructions refused were correct, the refusal to repeat them is not erroneous.

**4. INSTRUCTIONS: repetition:**

VIII. It is insisted that instructions given by the court as to the effect of the abandonment of the family by the father, with a purpose on his part not to return, to constitute the mother the head of the family, and as to the effect of the acquisition of wages by the son after his emancipation, are erroneous, for the reason that there is an absence of evidence to which they can be held to be applicable. But we think there is evidence upon these points. The fact that the husband soon returned after the family removed to the farm is not evidence that he had not abandoned his family, but rather that, when he found fortune had favored them, and they had become in easier circumstances, he

changed his determination to let them get along without him, and concluded to return and enjoy their good fortune, and the ease which he expected to follow from the possession of a farm of one hundred and twenty acres by his family. We think there is evidence that the son did, after his emancipation, acquire money or property. He was employed at labor, and compensation was either paid to him directly or became a part of the property on the farm, which he and the other children labored to accumulate. Some of his earnings or avails of his labor was used in paying the liens on the farm.

IX. The first instruction asked by defendant, and refused, is to the effect that if the property in question was acquired by the joint earnings of the parents and their minor children, it belonged to the parents, and this would be so even though the property was purchased with the proceeds of the crops raised on the lands held by the mother in trust for the minor children. This instruction leaves out of view the elements of agreement and assent upon the part of each side that the land was occupied by or for the children, and was farmed by them, and for their own benefit. We think the instructions were, because of this omission, erroneous. These elements were presented in instructions, the seventh and eighth given the jury, which are in our opinion correct. We think it cannot be questioned that if, under the arrangement, understanding or agreement of the parties, the family occupied the land for the benefit of the children, by whose labor in cultivating it the property in dispute was acquired, and the children, or a part of them, had been formally emancipated by the parents, and those not emancipated had with the consent of their parents labored upon the farm for their own advantage, and not for their parents, the property cannot be held to belong to the parents. The agreement and consent referred to may be inferred from the

5. PARENT and child: produce of farm held by mother in trust for children: ownership of produce: evidence.

acts, conduct and transactions of the parents and children.

X. The court gave to the jury an instruction stating that the emancipation of a minor need not be in writing, but may be inferred from the circumstances that the parent gives the minor to understand that he is to take care of himself, and is not to look to the parent for support, and permits him to contract for his own labor, and from other matters stated in the instruction. It is not urged that the instruction constains an incorrect rule of law; but it is insisted that there is an utter absence of evidence tending to establish the facts upon which the instruction is based. We do not concur in this conclusion. In our opinion many facts and circumstances developed by the evidence tend to authorize the conclusion that the farm was carried on by the children for their own benefit, with the consent of the parents.

XI. Other instructions are objected to on the ground that there is no evidence to which they are applicable. These objections are not argued. It is sufficient for us to say that we do not concur with counsel.

XII. An instruction given to the jury is to the effect that, if some of the plaintiffs acquired the property for themselves and the other children, under an understanding with the parents that it should belong to plaintiffs, and not to the family generally, it would not be liable to the debts of the parents. We think this instruction is correct. The element of assent of the parents and arrangement with them are grounds authorizing the conclusion that the property belongs to the plaintiffs. The foregoing discussion disposes of all questions which in our opinion demand attention. We think that the judgment of the district court ought to be

6. ——: ——: ——: instruc-tion.

AFFIRMED.