CEDAR RAPIDS NATIONAL BANK V. HUGH LAVERY and MARY ANN LAVERY, Appellants.

**Fraudulent Conveyance:** DECLARATIONS OF GRANTOR.   Declarations of the grantor after the conveyance are not admissible against the grantee in an action to set aside the conveyance as fraudulent.

**PARTIES:** *Husband and wife.*   The wife is a proper party in an action to set aside as fraudulent a conveyance by her to her husband.

**Husband and Wife:** WITNESSES AGAINST EACH OTHER:   *Statutes.* Admissions and declarations of the wife are improperly admitted against the husband in an action against them by her creditors to set aside a conveyance by her to him as fraudulent; such evidence being forbidden by Code, section 4606, Acts Twenty-seventh General Assembly, chapter 108, being passed after the trial, and not being retroactive.

**Misjoinder:** DEMURRER AND MOTION.   Misjoinder of defendants cannot be taken advantage of by demurrer.

*Appeal from Jones District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, FEBRUARY 7, 1900.

ACTION in equity to set aside a conveyance of real estate as fraudulent, and to subject the land to the payment of a judgment.   From a decree in plaintiff's favor, defendants appeal.—*Reversed.*

*Welch & Welch,* for appellants.

*W. L. Chrissman* and *Ellison, Ercanbrack & Lawrence,* for appellee.

WATERMAN, J.—The defendants are husband and wife. On July 26, 1896, the Aultman Company sold one John Lavery a threshing outfit, taking in part payment his three promissory notes, for five hundred dollars each, which notes were signed by defendant Mary Ann Lavery as surety.   This action is founded on one of these notes, which was transferred

to plaintiff, and upon which judgment was obtained January 5, 1897. At the time of signing the notes, and to secure the credit for her principal, Mary Ann Lavery made a property statement in writing, which showed, among other things, that she owned real estate in Jones county of the value of nine thousand dollars over and above incumbrances. As a matter of fact, she did at the time own valuable real estate in said county, but on February 13, 1896, she conveyed this to her husband, Hugh Lavery. The present action is brought to set aside this conveyance. The insolvency of Mary Ann Lavery is not disputed. The only evidence tending to show fraud in the conveyance is found in certain admissions made by Mary Ann Lavery in an examination in proceedings supplemental to execution, which was had long after the conveyance was made. Aside from oral testimony as to these admissions, the written report of the referee before whom the examination was conducted was received over defendant's objection. This report does not appear to have been signed by the witness. We think it was inadmissible. But we go further, and say that all of these admissions and declarations of the wife were incompetent as against the husband. Such evidence is forbidden by section 4606 of the Code. Chapter 108, Acts Twenty-Seventh General Assembly, upon which plaintiff relies, was not passed until after this cause was disposed of by the trial court. It has no retroactive effect. Another and sufficient reason for ruling out this testimony is that, irrespective of the relationship of the parties, the rule is that the admissions or declarations of a grantor, after conveyance made, cannot be received to impeach the title of the grantee. *O'Neil v. Vanderburg,* 25 Iowa, 104; *Manufacturing Co. v. Johnson,* 50 Iowa, 142; *Bixby v. Carskaddon,* 70 Iowa, 726; *Bener v. Edgington,* 76 Iowa, 105; *Allen v. Kirk,* 81 Iowa, 658; *Neuffer v. Moehn,* 96 Iowa, 731; Wait, Fraudulent Conveyance section 278. With these declarations out of the case, there is no evidence tending to impeach the husband's title.

II.   While it may be unnecessary to add anything further, it is not out of place for us to say that the demurrer to the petition was properly overruled.   It was based on the thought that the wife is not a proper party.   We think she is.   But, if not, the misjoinder could not be taken advantage of by demurrer.   *Dolan v. Hubinger,* 109 Iowa, 408.   For the reasons given, the judgment must be REVERSED.

GRANGER, C. J., not sitting.