CAROLINE HOLT, Appellant, v. ANNON HOLT and RENA HOLT.

**Fraudulent conveyances:** EVIDENCE. Where a wife purchased a lot with the income from other property given her by the husband a number of years before he became involved in debt, took the title to the lot in her own name and built a house thereon with the proceeds of the property given her, which was thereafter occupied by the family, there was no such showing of fraud as to authorize the creditors of the husband to subject the property to the payment of his debts.

**Same.** Letters from the husband to the wife written long after the conveyance of his land to her were not admissible in an action by the creditors of the husband to subject the property, purchased by her with the income and proceeds of the land acquired from him, to payment of his debts, on the ground that the conveyance by the husband was fraudulent.

*Appeal from Woodbury District Court.—*HON. DAVID MOULD, Judge.

TUESDAY, FEBRUARY 13, 1912.

ACTION to subject real property to the satisfaction of the plaintiff's judgment resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*P. A. Sawyer*, for appellant.

*Strong & Whitney,* for appellee.

PER CURIAM.—The plaintiff recovered judgment for $8,785 on an indebtedness incurred in 1905 against her son, Annon Holt, May 23, 1910, and in this action begun June 1st following prayed that lot 6, in block 1, in Hedge's addition to Sioux City, be subjected to the payment thereof. This lot was purchased April 21, 1899, from Robert O. Mayer, who conveyed it to defendant's wife, Rena Holt; the deed being recorded within a few days thereafter. The contention of plaintiff is that the judgment defendant actually paid for the lot, but took title in the name of his wife in fraud of existing and subsequent creditors.

The record is void of evidence, even tending to show that the judgment defendant paid for the lot. On the contrary, it is undisputed that she paid for the same out of the income from a half section of land in South Dakota, which he conveyed to her in 1893, and that she erected a second house thereon from the money derived from the sale of said land in 1907. In the absence of any showing as to what the lot cost or the amount of the income from the land, there is no ground for rejecting this evidence. It is conceded that the deed of the South Dakota land to his wife was without consideration. His testimony that he was not then in debt nor anticipating that he would become indebted is undisputed, as is that to the effect that he conveyed the property to protect his wife and children in event he should be killed by accident, as he was on the road much of the time. Until 1905, or twelve years after this conveyance, he does not appear to have become involved in debt, and, in the absence of anything indicating the contrary, it can not be inferred that in conveying the South Dakota land to his wife he so did to defraud future creditors. Something is said of his occupancy indicating ownership. He was there as head of the family occupying the homestead

1. FRAUDULENT CONVEYANCES: evidence.

appearing of record in his wife's name, of which fact all had constructive notice, and there is no basis for the argument that plaintiff was deceived into the belief that title was in him.

Something is claimed for a couple of letters written long after the execution of the deed. It is enough to say these were not admissible in evidence. *Cedar Rapids National Bank v. Lavery,* 110 Iowa, 575. As the property belonged to Rena Holt, it is unnecessary to consider the issue with reference to the abandonment of the homestead. Nothing herein should be construed as in any measure extenuating the reprehensible conduct of this son toward his mother, but this can not be allowed to obviate the application of well-established principles of law to controversies between them when presented in court.

2. SAME.

The decree of the district court is *affirmed.*