## MARYLAND CASUALTY CO. v. SIMMONS.*

(Circuit Court of Appeals, Fifth Circuit. October 25, 1924.)

No. 4411.

1. **Appeal and error** ⊖⟿205—**Exclusion of evidence not grounds for reversal, in absence of showing as to its nature or statement of what it tended to prove.**

Exclusion of evidence is not grounds for reversal in absence of showing as to evidence rejected or statement as to what it tended to prove.

2. **Executors and administrators** ⊖⟿535—**Judgment establishing devastavit by administrator prima facie evidence in action against his surety.**

Under law of Georgia, judgment in case to which administrator is party, adjudging that there has been devastavit by him, is prima facie evidence in an action against his surety.

*Rehearing denied November 21, 1924. Certiorari denied 45 S. Ct. 226, 69 L. Ed. —.

**3. Executors and administrators ⟨key⟩537(10)— Direction of verdict against administrator's surety in action for devastavit by him held not error.**

In action against surety on administrator's bond, to recover for devastavit by him, where there was no evidence controverting prima facie case made by decree in another case, to which administrator was party, fixing amount of principal's liability, it was not error to direct verdict for plaintiff for such amount.

**4. Evidence ⟨key⟩174(4)—Carbon copy of letter properly mailed, reply to which had been received, held admissible.**

Where evidence established writing, stamping, addressing, and mailing of a letter to defendant in another jurisdiction, and receipt in due course of mail of a reply, carbon copy of letter was admissible, though original was not accounted for, and though no demand for its production had been made.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action by E. G. Simmons, receiver of the estate of H. L. Jenkins, deceased, against the Maryland Casualty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Leonard Haas and H. A. Alexander, both of Atlanta, Ga., and A. L. Miller, of Macon, Ga. (Underwood, Pomeroy & Haas, of Atlanta, Ga., on the brief), for plaintiff in error.

Geo. S. Jones, of Macon, Ga., and C. C. Crockett, of Dublin, Ga. (Jones, Park & Johnston, of Macon, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action against the plaintiff in error, Maryland Casualty Company, the surety on an administrator's bond, seeking to recover the amount of an alleged devastavit by the principal in the bond. It was admitted that a court of competent jurisdiction had rendered a decree in a case to which the principal was a party, adjudging that there had been a devastavit by him to the amount of the sum sued for. The bill of exceptions shows the following:

Upon it being made known to the court that the defendant proposed to offer evidence attacking the above-mentioned decree, the court said to plaintiff's counsel: "Any evidence that is introduced by the Maryland Casualty Company for the purpose of attacking the decree you object to?" In answer to this question plaintiff's counsel replied: "Yes, sir." What then occurred is shown by the following extract from the bill of exceptions:

"The court then stated: 'I will hear argument on that question, just as if evidence had been offered that attacked the decree.' After argument the court sustained the objection to any evidence attacking the decree, and directed a verdict for the plaintiff for the full amount of principal and interest claimed in the suit, to which action of the court exception was taken and allowed."

[1] A reversal of the judgment is sought on the ground that the court erred in its above-mentioned ruling as to evidence. The judgment cannot be reversed because of that ruling, for the reason that it is not made to appear what evidence the defendant desired to introduce. It is well settled that, for a ruling rejecting evidence to be a ground for reversal in a case at law, the evidence rejected, or a statement of what it tended to prove, must appear in the bill of exceptions. Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81; Packet Co. v. Clough, 20 Wall. 528, 22 L. Ed. 406; Patrick v. Graham, 132 U. S. 627, 10 S. Ct. 194, 33 L. Ed. 460; Ladd v. Missouri Coal & Mining Co., 66 F. 880, 14 C. C. A. 246; rule 11, U. S. Circuit Court of Appeals, Fifth Circuit. The evidence desired to be introduced by the defendant was not so disclosed or offered as to make the court's action in rejecting it available in an appellate court.

[2, 3] It is not questioned that under the law of Georgia the above-mentioned decree against the principal in the bond sued on constituted prima facie evidence against the surety. Bryant v. Owen, 1 Ga. 355; Shipp v. McCowen, 147 Ga. 711, 95 S. E. 251. There was no evidence controverting the correctness of the finding embodied in that decree as to the amount for which the principal was liable. It was not error to direct a verdict for the plaintiff for the amount for which the uncontroverted evidence adduced showed the defendant was liable.

[4] After a witness for the plaintiff had testified that he was a practicing attorney at Dublin, Ga., that he wrote a letter to the defendant, which was properly stamped and addressed to defendant at Baltimore, Md., that he mailed that letter, that he kept a carbon copy of it, and received a reply to it by due course of mail thereafter, the plaintiff offered in evidence the carbon copy and the reply produced by the witness. Defendant objected to the admission of such carbon copy, on the ground that there had been no showing as to where the original

was, and no notice to produce it, and because the execution of such reply had not been proved. That objection was overruled. It seems that it was permissible to admit in evidence such carbon copy, as the evidence showed that that instrument was a carbon copy of a letter duly addressed and mailed to the defendant in another jurisdiction, and the receipt in due course of mail of a reply thereto. Savannah Bank & Trust Co. v. Purvis, 6 Ga. App. 275, 65 S. E. 35; Scofield v. Parlin & Orendorff Co., 61 F. 804, 10 C. C. A. 83.

But, even if that ruling was not free from error, it would not be a ground for reversal. If the objection to the admission in evidence of the carbon copy mentioned had been sustained, the defendant's admissions and the other evidence adduced warranted the action of the court in giving the above-mentioned direction for a verdict in favor of the plaintiff. The conclusion is that the record shows no reversible error.

The judgment is affirmed.