## D'ANGELO v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1924.)

No. 4314.

Criminal law ⬤⟑1086(4), 1163(3)—Admission of evidence not ground for reversal, in absence of showing of prejudice or objection.

Admission of evidence was not ground for reversal, where bill of exceptions did not show that it was introduced by prosecution over accused's objection, or that it prejudiced accused.

In error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Salvatore D'Angelo was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Salvador Roccaforte and Hugh M. Wilkinson, both of New Orleans, La., for plaintiff in error.

Louis H. Burns, U. S. Atty., and Edwin H. Grace, Sp. Asst. U. S. Atty., both of New Orleans, La.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

WALKER, Circuit Judge. This is a writ of error to review a judgment convicting the plaintiff in error of violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The only action of the court which is complained of is the overruling of a motion made by the accused to quash a described search warrant. In reference to that motion the bill of exceptions states that "prior to the trial of this cause defendant filed a motion and supplemental motion to quash the search warrant issued on November 24, 1922, and used by the agents of the Prohibition Department to obtain evidence used in the trial of this cause before a jury," the grounds of the motion being set forth, and that the court overruled that motion. The bill of exceptions gives no information as to any evidence introduced in the trial, and does not show that any evidence offered was objected to by the accused. It is not made to appear that the evidence referred to as "used in the trial of this cause before a jury" was offered or introduced by the prosecution.

Nothing contained in the record is inconsistent with the conclusion that none of the evidence so referred to tended to support the charges made or involved any prejudice to the accused. The record does not show that either over or without objection any evidence that was subject to objection by the accused was introduced in the trial by the prosecution. Complaint of action of a trial court resulting in the admission of evidence is not available in an appellate court as a ground of reversal, where the record fails to show what that evidence was, or what it tended to prove, or that it involved prejudice to the party complaining. Maryland Casualty Co. v. Simmons, Receiver (C. C. A. 5th Circuit) 2 F.(2d) 29, at present term. The record fails to disclose any substantial basis for the conclusion that the accused was injured or prejudiced by the ruling complained of, whether that ruling was or was not free from error.

The judgment is affirmed.