**FEDERAL SURETY CO. v. STANDARD OIL. CO.**

Circuit Court of Appeals, Eighth Circuit. March 29, 1929.

No. 8185.

C. D. Sterling, of Redfield, S. D. (Sterling, Clark & Grigsby and S. W. Clark, all of Redfield, S. D., on the brief), for appellant.

A. K. Gardner, of Huron, S. D. (Gardner & Churchill, of Huron, S. D., on the brief), for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This is an appeal from a judgment in a law action which was brought against the principal and the surety on a contractor's bond. The judgment was against both of the defendants R. L. Wiley and the Federal Surety Company, but as Wiley refused to join in the appeal a severance was granted.

The short facts are as follows: R. L. Wiley entered into a contract with the state of South Dakota through its state highway commission for the construction of a portion of a state trunk highway in Meade county, S. D. In connection with the contract a bond was furnished, executed by Wiley and the Federal Surety Company. The contract contained the following provisions:

"* * * The said Contractor has agreed and by these presents does agree, for and in consideration of the covenants herein contained and payments to be made as hereinafter provided, to furnish all the materials, appliances, tools and labor of every kind, and to construct in the most substantial and workmanlike manner and in accordance with the plans and specifications therefor. * * *"

"It is mutually agreed by and between the parties to this contract that the notice to contractors, the foregoing proposal and the contract bond, shall be bound herewith and are hereby made a part of this contract.

"The said contractor further agrees to pay all just claims for materials, supplies, tools, appliances and labor, and all other just claims incurred by him or any of his subcontractors in carrying out the provisions of this contract; and further agrees that the contract bond shall be held to cover all such claims."

The bond contained the following conditions:

"Now, therefore, the condition of the foregoing obligation is such that if the said principal shall well, truly and faithfully comply with and perform all the terms, covenants and conditions of said contract, on his part to be kept and performed according to the terms and tenor of said contract, * * * and if the above bounden Principal, his heirs, executors, administrators or assigns, shall and will and truly pay or cause to be paid the wages stipulated and agreed to be paid each and every laborer employed by the Principal, his agents, or subcontractor, and all claims incurred for materials, supplies, tools and appliances, in carrying out the provisions of said contract, then, this obligation is null and void, otherwise to remain in full force and virtue."

The appellee sold and delivered to the contractor certain oils, gasoline, and lubricants which were utilized by the trucks that were employed on the job; but the contractor failed to pay appellee a balance due for said materials, amounting to about $3,800, for which the present suit was brought.

■ A jury was duly waived by written stipulation filed, and the case was tried to the court, who found generally for the plaintiff.

No request for special or general declarations of law was made. The result is that on this appeal there can be no review of the general finding of fact or of the conclusions of law. Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60; United States v. Atchison, T. & S. F. R. Co. (C. C. A.) 270 F. 1; Ewert v. Thompson (C. C. A.) 281 F. 449; Ewert v. Robinson (C. C. A.) 289 F. 740; Geiger v. Tramp (C. C. A.) 291 F. 353; Allen v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21; Lahman v. Burnes Nat. Bank (C. C. A.) 20 F.(2d) 897.

■ Several of the assignments of error relate to rulings on the admission of testimony. None of such assignments, however, meets the requirements of rule 24 of this court, which provides: "When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected." Rule 11 of this court is to the same effect.

The provisions of these rules have been repeatedly enforced. In Haldane v. United States, 69 F. 819, this court said:

"We have invariably held that we would not consider alleged errors in the admission and exclusion of evidence unless the testimony that is claimed to have been erroneously admitted or excluded is set out substantially in the assignment of errors and in the brief, as required by rules 11 and 24 of this court."

See, also, Northwestern S. B. & Mfg. Co. v. Great Lakes E. Works (C. C. A.) 181 F. 38; Bandy v. United States (C. C. A.) 245 F. 98; Lahman v. Burnes Nat. Bank, supra.

Further, at the time when objections were sustained to the several questions to which these assignments of error relate, there was no offer to prove made by defendant. One example may be taken as typical. In the course of the examination of Mr. Wiley, called as a witness for the defendant, the following occurred:

"Q. Mr. Wiley, in your accounts with the various truck drivers which were employed upon this project, and in your charges for the gasoline and oil which was used by them in the operation of these trucks, did you charge them any difference in price between the price at which you were purchasing the oil from the Standard Oil Company, the plaintiff in this case, and the price at which you furnished it to the individual truck drivers?

"Mr. Gardner: Objected to as wholly immaterial; not binding on the plaintiff, it appearing from the testimony that under the agreement between this witness, the contractor, and his employees he was to furnish the gas and the lubricants and deduct the same from their earnings.

"The Court: Sustained."

■ The rule is well established that in the absence of an offer to prove there can be no reversal for the exclusion of testimony. Ladd

v. Mo. Coal & Min. Co. (C. C. A.) 66 F. 880; Maryland Co. v. Simmons (C. C. A.) 2 F. (2d) 29. See, also, Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81.

The circumstance that at a prior stage of the trial defendant stated that it reserved the right to submit proof of certain alleged facts, is not, in our opinion, a sufficient compliance with the general rule requiring an offer to prove, at the time objections were sustained to the questions.

Because of the nonobservance of the rule requiring an offer to prove, and because of the total failure of the assignments of error to meet the requirements of rules 11 and 24 of this court, we must decline to pass upon alleged errors in the exclusion of testimony. We may add that none of these alleged errors are of such importance, in our opinion, as to impel us to consider them despite the nonobservance of the rules above mentioned.

Judgment affirmed.