Irving W. DOBSON, Plaintiff-Appellant,

v.

**GRAND TRUNK WESTERN RAILROAD COMPANY, Defendant-Appellee.**

No. 11805.

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1957.

Rehearing Denied Nov. 25, 1957.

Robert J. Kenney and John J. Naughton, Chicago, Ill., Henslee, Monek & Murray, Chicago, Ill., of counsel, for appellant.

Edward J. Wendrow and Winston, Strawn, Smith & Patterson, Chicago, Ill., George B. Christensen, Gerard E. Grashorn, Chicago, Ill., of counsel, for appellee.

Before LINDLEY, SCHNACKENBERG and PARKINSON, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, an employee of defendant, brought suit in the district court, seeking to recover damages for personal injuries. He charged that, in violation of the duties which the railroad owed him, it (a) hauled a car "with a coupler which would not uncouple", contrary to the requirements of Sec. 2 of the Safety Appliance Act (45 U.S.C.A. § 2); (b) negligently failed to furnish him with a reasonably safe place in which to work; and (c) negligently allowed an iron bar to remain on the roadway. During the trial, plaintiff withdrew charge (c), but insists here that the essence of that charge remained in the case by inclusion in the more general charge (b). Defendant brought General Motors into court by a third party complaint asking indemnification from that party for any damages which plaintiff might recover from defendant.

From a judgment upon a verdict for defendant, plaintiff appeals. He admits that the proof presented a jury issue and does not contend that the evidence does not sustain the verdict, but insists that he was prejudiced in the trial by these errors on the part of the trial court: (1) giving an erroneous instruction; (2) submitting an improper special interrogatory to the jury; (3) unreasonably restricting plaintiff's evidence as to an unsafe place to work to a period of "three to four months" prior to the accident and, as to his physician's testimony, in unduly limiting it. Though the sufficiency of the evidence to support the verdict is not questioned, some considera-

tion of the facts is necessary to a correct determination of whether the trial court committed prejudicial error in any of the respects named.

On December 19, 1952, plaintiff was attempting to uncouple one box car from others, in order to shunt it down a side switch track, branching off of a main lead track, on a General Motors' plant in Detroit, Michigan. While so engaged, just as he began to try to make the uncoupling, or just before he began that operation, or, just as he was accomplishing it, he claims to have stepped on a round iron bar, which, he says, turned, causing him to twist and wrench his back, seriously, as he says, slightly, as defendant insists. Obviously, in our inquiry as to alleged errors, the extent of his injuries is unimportant.

As opposed to his testimony at the trial that he unsuccessfully endeavored to work the coupling, before he stepped on the iron bar or bolt, defendant offered in evidence two documents signed by plaintiff; first, his accident report, in his own handwriting, and, second, his more detailed report delivered to defendant January 16, 1953. In the first, he stated "was working lead * * * cars and reached to pull pin when slipped on piece of scrap twisting myself around and hurting back." The report contains nothing about any defect in cars or coupling apparatus. In the statement made January 16, 1953, plaintiff said that he was "going to cut off one car" and that just as he was pulling the pin he "stepped on a piece of scrap iron, round like a bolt, and about 5 or 6 inches long * * *. This bolt or whatever it was rolled under my foot and twisted me around." He had hold of the coupling operating lever, otherwise he "would have gone down * * * there was nothing defective about car I was pulling pin on. Operating lever was O.K." As to the piece of iron, there was no proof that defendant or anyone else, knew, actually or constructively, of its presence, except that plaintiff testified that he had complained about debris on or about the switch tracks. This was denied. It is

obvious from these facts that a sharp controversy existed, which has been settled by the verdict.

■ The instruction of which complaint is made reads: "The Court instructs the jury that, if you find from the evidence that prior to the time plaintiff was injured he attempted to operate the cutting lever on the car in question in the usual and customary manner, but did not succeed in uncoupling the car prior to the time he stepped on the metal bar, if any, but if you further find that his failure, if any, to operate the cutting lever was not a proximate cause, in whole or in part, of plaintiff's injuries, then you must find defendant, Grand Trunk Western Railroad Company, not guilty as to plaintiff's claim under the Safety Appliance Act." This instruction, says plaintiff, "directed" a verdict for defendant as to the charge of violation of the Safety Appliance Act. We think it obvious that the charge is not reasonably susceptible of any such construction. It purported only to advise the jury that, even if there was a defective appliance, if the jury found from the evidence that the defect was not the proximate cause of or had no causal connection with the accident, then, the jury could not properly find a verdict in plaintiff's favor, insofar as the Safety Appliance Act was concerned. No one can question this as a correct proposition of law. Surely upon the conflicting statements of plaintiff himself, there was a serious controversy as to whether there was any appliance defect, or if so, that it had any causal connection with the accident. If such a defect existed but had no causal connection with the injury, it was the jury's duty to find defendant not guilty on this charge.

This accident occurred on the premises of General Motors over which these switching tracks ran. Because of this fact defendant had brought in General Motors as a third party defendant in order to secure indemnity, if a verdict should be returned in plaintiff's favor on the charge of failure to furnish a safe place to work. Upon submission of the cause to the jury, General Motors' counsel asked the court to submit to the jury three special interrogatories. The first read: "Was the defendant, Third-Party Plaintiff, Grand Trunk Western Railroad Company, guilty of negligence in the use of the car in question at the time in question with a defective coupler or coupler pin, which proximately caused or proximately contributed to cause the occurrence in question and the plaintiff's alleged injuries? To this the jury answered "No." The second question was: "Did defendant Grand Trunk Western Railroad Company fail to use ordinary care to furnish the plaintiff with a reasonably safe place in which to do his work?" To this the answer was "No." The third was: "Are any of the injuries complained of by plaintiff proximately due, in whole or in part, to a violation of the Safety Appliance Act by Grand Trunk Western Railroad Company?" And to this the answer was "No." Plaintiff asserts that the first interrogatory was so misleading as to constitute error in submitting it.

■ Obviously, it is not necessary, in order to constitute liability for a defective appliance, that defendant be negligent. Its liability arises from the violation of the statute, O'Donnell v. Elgin, J. & E. R. Co., 338 U.S. 384, 393, 70 S. Ct. 200, 94 L.Ed. 187, and the trial court so instructed the jury in no uncertain terms. The jury, having been thus correctly instructed, found in answer to the third interrogatory, as a matter of fact, that the plaintiff's injuries were not due "in whole or in part to a violation of the Safety Appliance Act" by defendant. In such situation, whether it was negligent in that respect was wholly immaterial,—without relevance to the specific finding that no such violation had caused the injuries "in whole or in part."

■ This interrogatory was not requested by defendant; but by the third party defendant, for some purpose beyond this court's conception, apparently with the thought that it might affect the respective rights and liabilities of defendant and General Motors. At any

rate, the interrogatory could have had no effect under the court's explicit charge to the jury that proof of negligence was wholly unnecessary under the Safety Appliance Act, and under the jury's finding that the injuries were not caused by a violation of the Statute. The court's charge was full and complete, covering properly all issues involved. Submission of a special interrogatory upon an irrelevant and immaterial subject could not prejudice plaintiff. The jury's general verdict and its answers to the other two pertinent interrogatories completely disposed of the issues. That another interrogatory asked for an answer upon an irrelevant issue could not invalidate the pertinent positive findings.

■ Plaintiff insists that the trial court committed error in restricting his evidence as to an unsafe place to work to a period of three to four months prior to the accident. It will be remembered that plaintiff originally charged negligence in this respect due to the presence of the specific piece of metal which, plaintiff claimed, turned under his foot, causing him to wrench his back under charge (c), in addition to the general complaint (b) of negligently failing to furnish him a safe place to work. At the close of the evidence plaintiff withdrew the charge (c), saying that he would rely upon the general charge (b). However, his evidence as to an unsafe place to work, depended entirely upon and was confined to existence of the iron bar. Yet he attempted to prove that from time to time, prior to the accident some "debris" or scrap was found on the track, which, he said, was periodically cleaned away by someone. The court permitted him to prove that such was the situation for 3 to 4 months before the accident, but did not allow him to produce evidence of what occurred prior to that period. Evidently it was plaintiff's theory that the presence of the iron bar was due to the fact that debris was not always promptly cleaned up and that evidence to that effect over a long period of time was evidence of failure to furnish a safe place to work. There was no proof that

defendant knew or should have known of this bolt, except such as might be inferred from the fragmentary evidence of temporary cleanups of debris.

■ We need not decide whether the evidence admitted was proper proof of a condition of which defendant was bound to take notice, for it was submitted to the jury. Our question is rather whether the court abused its discretion in limiting the period as to which testimony was proper to 3 or 4 months. Of course, the trial court has a sound discretion in ruling on admissibility of evidence, in cases such as this. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Sivert v. Pennsylvania R. Co., 7 Cir., 197 F.2d 371. And, upon examination of the record, we find that plaintiff has made no showing of abuse of that discretion. In this connection, we think this bar comes within the same category as did the plank in Wetherbee v. Elgin, J. & E. Ry. Co., 7 Cir., 191 F.2d 302, 306, 307, where we said: "Here the board was a *new* threat to safety, not something about which the railroad itself had previous knowledge, even though boards had on some previous occasions been found on or near tracks of the Ruberoid plant." We think that plaintiff here could not prove notice of an unsafe place to work by evidence of the occasional temporary presence of general debris. If the conditions mentioned had been permanent rather than spasmodic, obviously, proof of their continuance, for a long period of time, would have been proper, as we held in Beattie v. Elgin, J. & E. Ry. Co., 217 F.2d 863. But such is not the case here. Accordingly we can not say as a matter of law, that the court abused its discretion in ruling that evidence of debris and its periodic removal for an indefinite 3 or 4 years was too remote to warrant an inference of constructive notice of the temporary presence of a movable piece of metal, 2 inches in diameter and 6 or 8 inches long, if that was what plaintiff expected to prove.

■ Furthermore, we doubt that plaintiff is in a position to assign error

upon the court's ruling. This is because he made no offer of any specific happenings he expected to prove prior to the 4 months. Davis v. R. K. O. Radio Pictures, 8 Cir., 191 F.2d 903; Rubino v. Commissioner of Internal Revenue, 6 Cir., 226 F.2d 291, 296; Williams v. Commissioner of Internal Revenue, 8 Cir., 44 F.2d 467; Federal Surety Co. v. Standard Oil Co., 8 Cir., 32 F.2d 119, 120. While he did object to being limited to a period of 3 or 4 months, plaintiff made no formal offer of proof, and we do not know what he expected to prove. In Cropper v. Titanium Pigment Co., 8 Cir., 47 F.2d 1038, 1042, 1043, the court said: "This rule requiring a party who seeks to review the ruling of a court on rejection of testimony to make a proffer of proof is not a mere arbitrary technical rule, but a practical one, very essential to the orderly administration of justice. For instance, the witness Bush was asked what his physical condition was when he finally left defendant's employment. If this court were permitted to decide as an abstract proposition that the question was a proper one, and should reverse the case for that reason, and it were remanded for a new trial, and the witness should then testify that he was in perfect physical condition when he left the work, the futility of a reversal would appear, and a manifest injustice would have been done the defendant." And in Shama v. United States, 8 Cir., 94 F.2d 1, 5, the court held that: "The ruling on this objection is not reviewable in this court because no offer of proof was made, and we are not advised as to what the answer would have been." So here, in the absence of any showing as to what the witness would have said, if allowed to answer, error cannot be successfully urged.

▪ Plaintiff complains also of the court's refusal to permit his attending physician to testify as to what plaintiff said to him in reciting the history of the latter's accident. Irrespective of whether this evidence was rightly or wrongly excluded, it cannot be urged here as prejudicial error, for the reason that by its verdict for defendant the jury made unnecessary and irrelevant any determination of damages for the injuries plaintiff had suffered.

The judgment is

Affirmed.