George W. **FASSBINDER**, Plaintiff,

v.

**PENNSYLVANIA RAILROAD COMPANY**, a corporation, Defendant.

Civ. A. No. 17300.

United States District Court
W. D. Pennsylvania.
April 28, 1961.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

BARTELS, District Judge.

Motion by defendant to set aside a jury verdict for plaintiff and entry of judgment n.o.v. or, in the alternative, to grant a new trial.

Plaintiff was a passenger-conductor employed by defendant. On June 24, 1957 plaintiff, in the course of his employment, sought to close a coach door, and after he released the trap door which covered the stairs of the coach, he then proceeded to swing the coach door closed, over the trap door. The door stuck, and in the course of pushing against it, plaintiff fell when the train started, injuring his wrist, head and neck. Plaintiff claims that the dog (used to retain tension on the handbrake) had been broken in a manner which permitted the tail portion to still remain so that it protruded over the face of the trap door which prevented the door from completely closing and it was therefore impossible for him to close the door of the coach. The sole item of damages was $250 medical expense and pain and suffering, there being no proof of loss of earnings or impairment of earning power.

Although the complaint was amended in 1958 to include a violation of the provisions of the Federal Employers' Liability Act, Safety Appliance Acts and the Boiler Inspection Acts of Congress, 45 U.S.C.A. § 1 et seq., § 51 et seq., plaintiff's pre-trial statement served on January 25, 1960, stated that the basis of the plaintiff's claim was that the "defendant was negligent in permitting a broken dog to be on this car when it knew or should have known of the existence of the dog and failed to make proper repairs to it'"

and that as "a result of the negligence of the defendant" plaintiff received his injuries. Subsequently, at the pre-trial conference on July 8, 1960, plaintiff's attorneys stated that their contention was that the "negligence of the defendant was permitting a broken dog on the car" and that defendant "should have known of the existence of the broken dog and they failed to make proper repairs." Accordingly, the Court instructed the jury that it was necessary to find the defendant negligent in order to bring in a verdict for the plaintiff and that it could not find such negligence unless it also found that the defendant knew or should have known of the broken dog prior to the accident. No exception was taken by plaintiff to this charge. It thus appears from the pre-trial proceedings as well as from the trial itself, that plaintiff's case was based upon the theory of negligence under the Federal Employers' Liability Act and not upon any violation of the Safety Appliance Acts.

In the record of the case there is nothing to show that the defendant knew that the dog was broken or when the dog was broken or the length of time during which it remained broken, or that an inspection by the defendant would have or could have disclosed that it was broken, or that there was any failure on the part of the defendant to make such an inspection. Thus there is neither knowledge of this condition nor anything from which such knowledge could be inferred.

An action under the Federal Employers' Liability Act is grounded upon negligence. The basis of liability under the Federal Employers' Liability Act is, and still remains, negligence. Wilkerson v. McCarthy, 1948, 336 U.S. 53, 69, 69 S.Ct. 413, 93 L.Ed. 497. Subject to the qualifications which Congress has imported into this Act, the term "negligence" as it appears in the Act "is founded on common law concepts of negligence and injury." Urie v. Thompson, 1948, 337 U.S. 163, 69 S.Ct. 1018, 1030, 93 L. Ed. 1282.

The common law concept of negligence and injury with respect to the duty of an employer to provide a safe place to work requires an employer to have actual or constructive notice of a defective condition before he can be charged with a violation of his duty. As stated in Sano v. Pennsylvania R. R. Co., 3 Cir., 1960, 282 F.2d 936, 937–938:

"The Federal Employers' Liability Act imposes upon the employer the duty to use reasonable care to furnish his employees with a safe place to work. * * * The liability of the employer is not absolute but is grounded on negligence. * * * It is to be determined under the general rule which defines negligence as the failure to use due care under the circumstances; or the failure to do what a reasonable and prudent man would have done under the same or similar circumstances. * * * Although reasonableness depends upon the danger attending the place or machinery the duty to use reasonable care is a continuing one from which the carrier is not relieved because the employee is working at a place where the danger is fleeting or infrequent. * * * *However, before the employer can be charged with negligently failing to provide a safe place to work he must have actual or constructive knowledge of the defective condition*." (Citations omitted; emphasis added.)

Again, in Dobson v. Grand Trunk Western R. R. Co., 7 Cir., 1957, 248 F.2d 545, 548, the Court said:

"There was no proof that defendant knew or should have known of this bolt (upon which plaintiff tripped), except such as might be inferred from the fragmentary evidence of temporary cleanups of debris. * * * We think that plaintiff here could not prove notice of an unsafe place to work by evidence of the occasional temporary presence of * * * debris."

Moreover, this principle was also recognized as a requirement in F.E.L.A. cases in Silvestri v. New York, Chicago & St. Louis R. R. Co., 1959, D.C.Pa., 180

F.Supp. 491, 494; Beattie v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 1954, 217 F. 2d 863; Casso v. Pennsylvania R. R. Co., D.C.Pa.1954, 128 F.Supp. 909; O'Day v. Chicago River & Indiana R. R. Co., 7 Cir., 1954, 216 F.2d 79; Cereste v. New York, New Haven & Hartford R. R. Co., 2 Cir., 1956, 231 F.2d 50. See, also, Brown v. Western Railway of Alabama, 1949, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100.

Since, in fact, the case was pleaded and tried under the theory of negligence under F.E.L.A., the Court concludes that in the absence of proof of either actual or constructive notice, plaintiff has failed to establish his case and a new trial must be granted.

Assuming, without deciding, that plaintiff did not abandon his claim of violation of the Safety Appliance Acts, the Court still has difficulty from the record in finding evidence that the defendant had violated the Acts. The pertinent provision of the Act is Section 11 of Title 45 U.S.C.A., which provides that the carrier must be equipped "with * * * efficient handbrakes". From the evidence adduced, it does not appear whether or not this broken dog rendered the handbrake inefficient, although it did prevent the trap door from completely closing and caused the accident. In this connection it should be noted that the jury was only asked to pass upon the negligence of the defendant and the contributory negligence of the plaintiff, if any. No issue of a violation of the Safety Appliance Acts was presented to it and consequently it was impossible for the jury to find, under these circumstances, that there was such a violation. If the break in the dog resulted in violation of the Safety Appliance Acts, plaintiff might come within the ambit of Kernan v. American Dredging Co., 1957, 355 U. S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382, and cases therein cited, under the doctrine that a violation of the statute creates liability under F.E.L.A. if the defect caused or contributed to the injury, even though the injury flowing from the breach was not the injury which the statute sought to prevent. For this reason also a new trial must be granted.

The pre-requisites for a judgment n.o.v. not appearing in the record (American National Bank & Trust Co. v. Dean, 6 Cir., 1957, 249 F.2d 82, 83), the motion therefor must be denied.