No. 54.—RICHARD ROLF, plaintiff in error, vs. LUCIUS ROLF, defendant in error.

[1.] In order to notify the Ordinary of the condition of a minor's estate, so as to justify the guardian in appropriating a portion of it to his maintenance and education, it is not necessary that the fact should be specifically stated; it is sufficient, if that fact appear from the annual returns made by the guardian.

In Equity, in Talbot Superior Court. Decided by Judge POWERS, March Term, 1856.

This was a bill filed by Lucius Rolf, against Richard Rolf. The bill charges, that on the 6th day of September, 1841, the defendant became the guardian of complainant and his brother Alexander; that in 1842 he received, on account of said wards, the sum of four hundred dollars, but complainant does not know from whom he received it; and defendant has failed to state, in his returns, from what source he obtained it. The bill charges, that defendant received more than $400, but has only charged himself, in his returns, with that amount; and that he has, at different times, received other sums of money, with which he has not charged himself, and for which he has not accounted. The bill further charges, that said wards were both minors at the time the several sums of money mentioned were received, but that complainant is now of full age.

The bill prays that defendant may be made to disclose what amounts of money he has received, and from whom; and to account to complainant for his portion, being one-half.

The answer of defendant admits that he did receive $400 on account of his said wards, but denies that he ever, at any time, received more than that amount—that being the true and only amount that has ever come to his hands, as their guardian. The answer states, that defendant received the $400 as a legacy to his said wards, from one Allen Benton, late of the State of Alabama; states that defendant has fully accounted for and paid away complainant's share of said leg-

:acy in supporting and educating him; and the returns of defendant to the Court of Ordinary are appended, showing that he has paid out for said complainant nine dollars and eighty-six cents more than complainant's share of said legacy.

On the trial in: the Court below, the bill and answer were read, and complainant introduced the following testimony:

FRANCIS LEONARD testified, that defendant placed complainant and his brother Alexander at the house of witness, where they boarded during the years 1840 and 1841; complainant was about 12, Alexander about ten years of age; defendant stated at the time, that he was their guardian, and urged witness to board them at as cheap a rate as possible, stating that they were poor, and he would have to pay their board out of his own pocket; he further stated to witness, that they were the orphan children of his brother, and he intended to give them an education at his own expense; he did not say he had funds of theirs; he paid witness, to the best of witness' recollection, six dollars per month for their board; they went to school during the two years they were with witness.

The certificate of the Ordinary of Talbot County was then read, to the effect, that the records of his office did not show that defendant had ever reported to the Inferior Court, that the annual income of complainant was insufficient for his support.

The Clerk of the Inferior Court also testified, that no such report had been made, and no application had been made by defendant to have complainant bound out.

Defendant introduced a receipt signed by Francis Leonard for $152 50, being for the board and tuition of complainant, and proved by said Leonard the receipt of that amount, and that it was a reasonable charge.

The evidence having closed, the Jury returned a verdict in favor of complainant for $200, with interest from the 14th day of August, 1850, and costs of suit.

Defendant's Counsel, thereupon, moved for a new trial, on the following grounds:

Rolf *vs.* Rolf.

1st. Because the Jury found against the evidence.

2d. Because said verdict is against the weight of evidence.

3d. Said verdict is contrary to law and the charge of the Court.

4th. Because the Court erred in charging the Jury, that for a guardian to be justified in appropriating any portion of his ward's estate to the maintenance and education of his ward, he must first report, specifically, the fact to the Ordinary, that his ward's annual income is insufficient for that purpose, and that his annual returns, showing the condition of the estate and disbursements on account of his ward, are not a sufficient report of that fact for such purpose; and must, then, after such specific report, wait a reasonable time for the Court to bind out his ward; and if the Court, after such reasonable time, fail to bind out his ward, he may then appropriate such portion of the principal of his ward's estate as may be necessary for the support and education of his ward.

The Court over-ruled the motion, and refused to grant a new trial; and defendant's Counsel excepted, and assigns the same as error.

SMITH & POU and B. HILL, for plaintiff in error.

MARION BETHUNE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The judgment of the Court must be reversed in this case, upon the ground that the Court erred in charging the Jury, that before a guardian can be justified in appropriating any portion of his ward's estate to his education and maintenance, he must make a special report to the Court, that the income is insufficient for that purpose; and that his general return, showing the condition of the estate, will not do.

And upon the further ground, that the verdict of the Jury was strongly and decidedly against the weight of evidence.

Indeed, founded as it was upon the testimony of Mr. Leon-ard, that the board and education in this case was a gift, we may say that the verdict was wholly without proof to support it. All the uncle said was, in effect, conditional, namely: that if the nephews had no property, he would board and school them. But when the $400 came to his hands, it raised an implied obligation in law, that he should be paid. And as the return shows, this money was received before the disbursements were made.

It may do very well to talk about apprenticing " *Young America.*" It is a fallacy and an impossibility, as every body knows. The first thing heard of the boy, he is in California. Better spend what little they have in qualifying them to become the founders of States, than attempt to convert them into honest artisans and mechanics.