LINDSAY H. SMITH, plaintiff in error, vs. THOMAS M. HILLY AND WIFE, defendant in error.

Where a guardian makes annual returns of the condition of his ward's estate, he will be allowed all reasonable charges for the education and maintenance of the ward, although they may exceed the income. The single circumstance of the excess does not render them improper or unreasonable.

In Equity, in Elbert Superior Court.   Tried before Judge THOMAS, at September Term, 1859.

This was a bill filed by Lindsay H. Smith, against Thomas M. Hilly, and wife, to recover certain sums paid and expended by him, as guardian of Mrs. Hilly, formerly Miss Smith, over and above his receipts as her guardian.  The bill states, and the answer admits, that upon the marriage of his ward, he delivered to her husband, the said Thomas M. Hilly, all her estate, consisting exclusively of negroes.  The bill further states, that said Thomas M., when he received said negroes, agreed to execute a refunding bond, and upon a settlement to be thereafter had, to allow and pay to complainant, whatever sum should be found due to him for excess of expenditures beyond his receipts.  This statement the answer denies.

The bill further states, that complainant received as guardian $805 48, and paid out and expended $1,197 51, making an excess of expenditures of $392 03; and further, that complainant paid out for counsel fees, costs, &c., not included in his returns, considerable sums.

The bill further states, that John A. Harper was the guardian of Mrs. Hilly, prior to complainant's appointment, and that he instituted suit against said Harper and recovered a judgment for over eight thousand dollars; but that Harper proved insolvent, and his sureties on his guardianship bond, defeated any recovery against them on account of the illegality of said bond, and that said judgment against Harper

was outstanding and unpaid at the time complainant delivered the negroes aforesaid to Hilly, but that since that time, Hilly has received from Harper a large amount on said judgment, and prays that defendants be decreed to pay to him the amounts above mentioned, paid by complainant, in excess of his receipts.

To this charge of the bill, defendants answered, that they had received from Harper only one hundred and fifty dollars, and that said payments made by complainant, being over and above the income and annual profits of his ward's estate, he was entitled to no repayment thereof.

On the trial, it was admitted by defendants that complainant had paid and become bound to pay the executions stated in exhibit B. filed with his bill.

After argument, the Court held and decided that complainant was not entitled to recover the entire balance that appeared in his favor, but could only recover the one hundred and fifty dollars, received from Harper with interest thereon, from the 15th October, 1855, that being the time defendant received it; and also fifty dollars with interest thereon, from 25th March 1846, being one-sixth of the counsel fees incurred and paid in the suit against said Harper; and also forty dollars, besides interest, being the amount paid out for the maintenance and education of his ward, prior to the verdict in favor of the securities of said Harper, and directed the jury to render their verdict accordingly.

The Court further held and decided, that the returns of complainant as guardian to the Court of Ordinary, were not sufficient notice to that Court, that the income of his ward's estate was insufficient for her maintenance and education; and that although the Court of Ordinary did not bind her out complainant was not justified in expending, for those purposes, any portion of her estate beyond the income, and that he could not recover the sums so paid and expended, the same exceeding said income.

To which holding, direction and charge, complainant excepted, and assigns the same as error.

W. T. VANDUZER, for plaintiff in error.

HESTER & AKERMAN, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

In this case, the guardian has made annual returns, showing that for several years, the expenses of the maintenance and education of his ward have exceeded her income; and the only question is, whether this excess ought to be allowed him in his account. Our statute of 1799, see *Cobb's Dig.* 313, directs that guardians shall be allowed all "reasonable disbursements suitable to the circumstances of the orphan," and then declares that when it shall *appear* to the Court of Ordinary that the income is not sufficient *for the education* and maintenance of the orphan, it shall be the duty of the *Court* to bind out the orphan, in order to secure the education and maintenance in that way. The work of education and maintenance is to go on, whether the child be bound out or not. The guardian must go on with it till he is stopped by the Court. He must furnish to the *Court* information of the condition of the estate, as was done in this case, by his annual returns, and then proceed with the work of education and maintenance, taking care not to exceed "reasonable" limits in his outlays for this purpose, until the Court gives him notice that the work is to be done in another mode, that is by binding out the ward.

All of the charges in this case were admitted to be true and proper, unless they were rendered improper by the single fact, that they exceeded the income. We do not think this fact rendered them improper in this case, because the Court by leaving work in the hands of the guardian, afte

notice of that fact from him, must be considered as having authorized him to disregard that fact. That his annual returns were sufficient notice of the fact, was expressly decided by this Court in the case of *Rolf vs. Rolf*, 20 *Ga. Rep.*, 325. We adhere to that decision.

Judgment reversed.