418. UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* DAVIS, ordinary, for use, etc.

1. The return of a guardian, made under oath to the ordinary, charging himself with having received assets of the estate, is prima facie evidence both against him and his sureties; and unless met by proof of a legal disposition of the assets so admitted to have been received, it is sufficient to show a devastavit.

2. A guardian's bond containing the conditions that the "guardian shall well and, truly maintain, and clothe, and educate said orphans according to their circumstances, and shall take good and lawful care of their persons and property according to the laws of this State, and shall annually make a just and true return of all his actings and doings herein unto said ordinary, and pay over all assets that may remain in his hands when said guardianship shall legally terminate," and payable to the "ordinary, his successors and assigns," is a good statutory bond, and is in substantial compliance with the provisions of the Civil Code, §2528. Under the conditions of this bond as controlled by the law of this State, the guardian was not authorized, without the approval of the ordinary, to apply the corpus of the estate to the maintenance and education of his wards.

3. Where the guardian is dead and his estate unrepresented, suit may be instituted on his bond against the sureties alone, at the instance of his

ward, or a new guardian, or any other person interested. In such case it is not necessary to make a demand on the surety before suit; for its liability is proved by the breach of the bond by its principal, the guardian, for whose legal discharge of duty it became surety.

4. No material error of law was committed, and the evidence fully supports the verdict.

Action on guardian's bond, from city court of Floyd county—Judge Hamilton. February 20, 1907.

Argued June 25,—Decided October 3, 1907.

*Denny & Harris, R. T. Fouché,* for plaintiff in error.

*F. W. Copeland, W. M. Henry,* contra.

HILL, C. J. Davis as ordinary of Floyd county brought suit for the use of Treadaway, guardian of the three named minor children of one Mark Smith, against the United States Fidelity and Guaranty Company, security on the bond of J. A. Carroll, deceased, guardian of said minor children. The jury found a verdict for the plaintiff; and to the judgment of the court, denying its motion for a new trial, error is assigned by the defendant. The case made by the plaintiff, briefly stated, is as follows: The appointment and qualification of J. A. Carroll as guardian of said three minor children, November 15, 1899. The execution of the bond sued on, with the defendant as the only security. Exemplification of returns made by Carroll as such guardian to the ordinary, duly sworn to, dated and filed November 11, 1902, showing in his hands as such guardian the sum of $328.97 in cash. The death of said Carroll, September 14, 1903, in Floyd county, intestate, without assets and insolvent, leaving a widow and four minor children. The setting apart as a year's support, to the widow and four minor children, all the property left by deceased, appraised at from $250 to $300. The estate of Carroll was without any representation. It was also shown that none of the minor children had received any property from the guardian coming into his hands from the estate of their father. The defendant introduced no evidence, and practically admitted the case made by plaintiff, but denied his right to recover under the facts shown, and the law: (1) Because there was no evidence showing a devastavit, the returns of the guardian made in November, 1902, being insufficient for that purpose, when he died in March, 1903; this return only showed a receipt by the guardian of the money sued for and in his possession November,

1902, but did not show the condition of his accounts as guardian at the date of his death in March, 1903. (2) Because the instrument sued on was a voluntary and not a statutory bond, and could not be sued on as a statutory bond. The bond was made payable to Davis as ordinary, his successors and assigns, "and no negotiable or assignable instrument can be made a statutory obligation," the statute requiring a guardian's bond to be "payable to the ordinary and his successors in office." The condition of a statutory guardian's bond is "for the faithful discharge of his duty as guardian," and the conditions of the bond sued on are, the "guardian shall well and truly maintain, and clothe, and educate said orphans according to their circumstances, and shall take good and lawful care of their persons and property according to the laws of the State, and shall annually make a just and true return of all his actings and doings herein unto said ordinary, and pay over all assets that may remain in his hands when said guardianship shall legally terminate." (3) That, under the conditions of this bond, the guardian was authorized to apply the corpus to the maintenance of his wards; that a compliance with the special conditions stated in the bond would satisfy it; and the burden was on the plaintiff to show that such conditions had not been complied with, which had not been done, but on the contrary the evidence for the plaintiff showed that the wards had lived with and been maintained by the guardian. (4) That, under the facts of this case, a demand was a condition precedent to plaintiff's right to recover; and as the guardian was dead, an administrator of his estate was necessary in order that such demand could have been made. These are the positions covered by the able counsel in his argument and brief.

1. The evidence clearly proved a devastavit by the guardian. His return as such guardian, filed November, 1902, was prima facie evidence against him and his surety as to the amount in his hands appearing therefrom. 2 Brandt on Suretyship (2d ed.), §628; *Dowling* v. *Feeley*, 72 *Ga.* 558 (3); *Bailey* v. *McAlpin*, 122 *Ga.* 632 (15).

It is insisted that while the returns might show the condition of the guardian's account at the date when made, to wit, November, 1902, this did not show its condition in 1903, the date of the guardian's death. This proof was supplemented by the positive and uncontroverted testimony that neither one of the wards had

received any part of their funds which this guardian admitted he had in his hands in November, 1902. When it is shown that the guardian had at any time during the trust received assets belonging to his wards, the burden is upon him or his surety to show that a legal disposition of such assets had been made. *Freeman* v. *Brewster,* 93 *Ga.* 648 (3). If the guardian had made any legal disposition of the fund in his hands in November, 1902, prior to his death in March, 1903, the fact was easily susceptible of proof. He could not have paid to the minors any part of it, or expended any part of it in their maintenance, beyond the interest and income, without the approval of the ordinary. Civil Code, §§2541, 2542; *Dowling* v. *Feeley,* 72 *Ga.* 558 (2).

2. The bond in this case was a sufficient compliance with the Civil Code, §2528. This section provides that a guardian shall "give bond with good and sufficient security, to be approved by the ordinary, in double the amount of the supposed value of the property of the ward, for the faithful discharge of his duty as guardian; such bond shall be payable to the ordinary and his successor. A substantial compliance as to all matters of form shall be sufficient." The condition as stated in the statute is "for the faithful discharge of his duty as guardian." The condition in the bond sued on sets out with particularity the duties of the guardian as comprehensively included in the general phrase of the statute. In this bond, the obligations of the guardian are that he "shall well and truly maintain, and clothe, and educate said orphans according to their circumstances, and shall take good and lawful care of their persons and property according to the laws of the State, and shall annually make a just and true return of all of his actings and doings herein unto said ordinary, and pay over all assets that may remain in his hands when said guardianship shall legally terminate." Surely all these things are embraced in the general condition, "faithful discharge of his duty as guardian." The language of this bond, while somewhat fuller than the language of the statute, means no more and no less. We are not impressed with the argument that the condition of this bond permitted the guardian to expend the corpus in the maintenance of his wards. This clause must be construed as qualified by the right of the guardian, under the law, to use only the interest or income for that purpose, without the approval of the ordinary. In this case, it is also immate-

rial that the bond is payable to the ordinary, his successors and assigns. The suit is by the ordinary, the original obligee in the bond. The policy of the law as to all bonds required by statute, and especially as to bonds of guardians, administrators, and like trustees, is to disregard mere formalities, and to require only substantial compliance to secure all statutory remedies to persons injured by their breach. Civil Code, §2535; Political Code, §263.

3. Under the law as it now stands in this State, when "the guardian is dead and his estate unrepresented," suit may be brought on the guardian's bond against his sureties alone. Civil Code, §2535. Prior to the act of 1820, suit could not be brought against the surety on the bond until a judgment had been obtained against the guardian. Prince's Digest, 44. Under that act, both might be joined in the same action; but no suit could be brought against the surety in the first instance, unless the guardian was without the limits of the State. But, as stated, the present code gives the right to sue the surety alone when the "guardian is dead and his estate unrepresented." In such case no demand is necessary, as there is no one upon whom a demand could be made. The right to sue the surety is based on a breach of the bond by the guardian. When the evidence shows a devastavit by the guardian, a breach of the bond is shown, and the liability of the surety is established. In this case the devastavit by the guardian was proved. The guardian died intestate and insolvent, and his estate was unrepresented. There was nothing to administer, as all the property he died possessed of had been set apart to his widow as a year's support, a right superior to that of these wards or their new guardian. The only possible recourse to the wards was their guardian's bond executed for the express purpose of protecting them in just such an extremity.

We think, under the undisputed facts and the law, that no other verdict could have been justly rendered, and that the judgment refusing the new trial should be affirmed.

*Judgment affirmed.*