*M. B. Eubanks,* contra.

## SHIPP *v.* McCOWEN *et al.*

1. Where upon citation for settlement a judgment was rendered against an administratrix and in favor of a distributee of the estate, such judgment was binding and conclusive upon the administratrix, but not binding upon the sureties upon her bond; and the sureties might, when sued jointly with her on the judgment so obtained, set up and prove that this judgment was obtained by collusion and fraud, and that in fact the administratrix had lawfully paid over the distributee's share of the estate, or had otherwise lawfully expended it; and this defense might be set up in a suit at law. Where, instead of availing themselves of this defense at law, they brought a petition to enjoin the suit on the judgment, so that the defense indicated might be made in a court of equity, the petition was demurrable.

2. The petition was demurrable in so far as it set up that the administratrix had expended the corpus of the share of the distributee, as it was not shown that any proper orders from a court having authority to do so had allowed such expenditures,—not even that such expenditures had been set forth in a return properly made and allowed.

3. Eliminating those portions of the petition held to be demurrable, no foundation for equitable interference with the suit at law was left; and the entire petition should have been dismissed.

No. 435.　FEBRUARY 22, 1918.　REHEARING DENIED FEBRUARY 25, 1918.

Equitable petition. Before Judge Mathews. Bibb superior court. April 28, 1917.

In 1890 Mrs. Mary E. Shi, upon application, was appointed administratrix of the estate of her husband, T. F. Shi. Permanent letters of administration were issued to her, and she gave bond as administratrix, with D. G. McCowen as surety. The administratrix and four children were the distributees of the estate. One of the children (who afterwards became Mrs. Mary E. Shipp)

brought a petition for settlement, in the year 1916, against the administratrix; and after citation and hearing it was found that Mrs. Shi owed to Mrs. Shipp as her distributive share the sum of $3103.61. Judgment in favor of Mrs. Shipp was rendered, and execution issued. Mrs. Shi being insolvent, and the levying officer having made a return of nulla bona, Mrs. Shipp brought suit in the city court of Macon against Mrs. Shi individually and as administratrix, and against Mrs. I. E. McCowen, J. D. McCowen, R. G. McCowen, and J. H. McCowen, as executrix and executors of D. G. McCowen, praying for judgment against the defendants individually and in their representative capacities for the amount of the judgment rendered in her favor by the court of ordinary against the administratrix. The McCowens then filed a petition in Bibb superior court, to enjoin the prosecution of the suit in the city court, naming Mrs. Shi of Bibb county, and Mrs. Shipp of Dooly county, as defendants, and alleging that Mrs. Shi as administratrix had paid over to and expended for Mrs. Shipp, née Shi, all of her distributive share of her father's estate; and that the petitioners were not served in the proceeding in the court of ordinary wherein Mrs. Shipp obtained judgment against Mrs. Shi. To this petition Mrs. Shipp demurred on the grounds, that she was the only party against whom substantial relief was prayed, and was a resident of Dooly, and not of Bibb county; that no meritorious defense to the suit in the city court was shown in the petition; and that the petition should have set out with greater particularity the sums that had been paid out by Mrs. Shi for Mrs. Shipp. The court overruled the demurrer, and, upon hearing evidence, granted an injunction. To these rulings Mrs. Shipp excepted.

*Jones & Bussey* and *C. J. Shipp,* for plaintiff in error.

*Willingham & Willingham, Hardeman, Jones, Park & Johnston,* and *Harry S. Strozier,* contra.

BECK, P. J. (After stating the foregoing facts.) An examination of the allegations contained in the equitable petition, in the light of the authorities bearing upon the matters set forth, leads us to the conclusion that the court erred in overruling the demurrer. Without taking up the special demurrer and the ground of general demurrer raising the question of the jurisdiction of the court, we find that no facts are alleged in the petition upon which equitable jurisdiction of the superior court can be based. So far as the petition seeks to set aside the judgment against Mrs. Shi on the

ground that it was obtained by fraud, it may be remarked that the petitioners, who are the defendants in the case pending in the city court, are not entitled to a decree setting aside that judgment in so far as it affects Mrs. Shi alone. She at least is bound by the judgment which Mrs. Shipp obtained against her; and the existence of the judgment does not preclude the petitioners in the equitable suit from setting up and establishing by evidence, in the city court, their contention that Mrs. Shipp's distributive share of the estate of T. F. Shi was paid over to her. Moreover, if that judgment in favor of Mrs. Shipp against the administratrix is prima facie correct as to the amount found, the petitioners in the present case can show in the city court (if it be true, as they allege) that the judgment was obtained by fraud and collusion; and they may further show, for the purpose of preventing a judgment against them, that Mrs. Shipp was not entitled to a judgment for any amount against Mrs. Shi as administratrix. "A decree against the guardian is only prima facie evidence of a devastavit; as against the security, not conclusive. It is subject to be rebutted by counter-testimony in behalf of the security, who will be permitted to inquire, ab origine, into the justice of the decree." *Bryant* v. *Owen,* 1 *Ga.* 355. And the ruling made in that case will apply in the case of a judgment against an administrator, where the security on his bond was not served, and is seeking to inquire into the justice and correctness of the judgment. In the present case the surety's executors set up, in one paragraph of their petition, that the entire distributive share of her father's estate had been paid over to Mrs. Shipp; and in another paragraph it is alleged that this payment to Mrs. Shipp was "by the expending of money and property of the estate of T. Foster Shi [the intestate], in feeding, clothing, and educating the said Mrs. Shipp. . . Said expenditures were absolutely necessary for the maintenance and support of the said Mary Effie Shipp. Inasmuch as she, the said Mrs. Shipp, has received and enjoyed the full benefit of her distributive share of said estate, it would be contrary to equity and good conscience to allow her to recover a second time from the surety upon the bond of the administratrix of her said distributive share; but an accounting should be had in a court of equity." It is not made to appear that the returns of the administratrix showed these expenditures, and that they had been allowed

by the ordinary. The allegation does not set forth that the interest or income from the corpus of the distributive share had been expended for Mrs. Shipp's education and maintenance, but the allegation is that the entire distributive share had been so expended. Under the circumstances the sureties upon the bond of the administratrix can not now set up, against the demand of Mrs. Shipp for her distributive share, expenditures thus made. If, in the light of all the circumstances, looking to the welfare of Mrs. Shipp, it had been proper and lawful to expend the corpus of her distributive share for her maintenance and education, a guardian should have been appointed; and upon his application duly made, encroachments upon the corpus, or the expenditure of the corpus entirely, might have been allowed. But the administratrix could not without authority, as appears to have been the case here, expend the corpus of the distributive share going to Mrs. Shipp for her education and maintenance, make no returns of such expenditures, and have them allowed when she is called upon for a settlement; and these sureties can not do so. They may, in defense to the suit in the city court, show any payments properly and lawfully made, unless precluded from doing so by the failure of the administratrix to make returns and to wind up the estate within a reasonable time. Those questions can be raised and adjudicated in the city court. It may seem that this is applying a harsh and stern rule to the claim of the sureties, but it is the only rule that will safeguard the estate of minors. In the case of *Dowling* v. *Feeley,* 72 *Ga.* 557, it was said that the administrator "appears to have held it that he might retain the custody of the persons of the minor children eventually entitled to it, and that he might absorb not only its entire income, but corpus, in their support and education; he usurped the office of guardian, and exercised all its powers and privileges, while he seems to have regarded none of the duties and responsibilities growing out of the relation. The court in its rulings and charges seems to have recognized his right to do so, and to have extended to him higher privileges than those accorded to a regularly appointed guardian in the settlement of his accounts with his ward. By the law a guardian is allowed all reasonable expenses and disbursements suitable to the circumstances of the orphan committed to his care, but the expenses of maintenance and education should not exceed the annual profits of

the estate, except by the approval of the ordinary previously granted. The ordinary may, in his discretion, allow the corpus of the estate, in whole or in part, to be used for maintenance and education of the ward. Code, § 1824 [C. C. 1910, § 3060]. This discretion to encroach upon the corpus is confided to the ordinary, and to him only; he represents the State, which, as parens patriæ, stands in loco parentis to minors, and does for them what it is reasonable to suppose their parent, if in life, would do, and what is for his family's interest and honor. The ordinary is the chosen organ to exercise this authority, and he cannot delegate it to another; but it seems that where the trustee has exercised it fairly and properly without the consent of the ordinary previously given, and where prompt and regular annual returns of his action in that behalf have been made, the ordinary, by his approval of such returns, may ratify the action. No decision of the court has gone further than this. 15 *Ga.* 451; 20 Id. 325; 29 Id. 582; 61 Id. 452." While there have been intimations, in certain decisions cited in the brief of counsel for defendants in error, that a different rule might be applied, we find no different principle ruled from that here forcibly laid down, and we think that ruling is applicable to the facts of this case. It follows from what we have said that the demurrer should have been sustained and the equitable petition dismissed.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*