## 23096. NATIONAL SURETY COMPANY *v.* CLARK, guardian.

DECIDED FEBRUARY 28, 1934.

*M. E. Wood,* for plaintiff in error.

*Highsmith & Highsmith, D. M. Clark,* contra.

*E. W. Moore, Walter McDaniel,* for persons at interest.

STEPHENS, J.   D. M. Clark, as guardian of Adam W. Jordan, brought suit against the National Surety Company as surety upon the bond of I. A. Moody, deceased, as guardian for Adam W. Jordan.   The plaintiff alleged in the petition that on July 3, 1919, Moody was duly appointed and qualified as guardian for Adam W. Jordan, and continued as such until his death September 27, 1931; that after Moody's death petitioner was appointed and qualified as guardian for Jordan; that between Moody's appointment and his death there came into his hands as guardian for Jordan the sum of $10,916.67, which came into Moody's hands in installments on various dates as compensation and insurance coming to his ward from the Veterans Bureau as the beneficiary of his father, a veteran of the World War; that in 1931 the ordinary, "under the provisions of the act of 1929   .   .   and the laws of said State with reference to guardian's bonds," notified Moody of "dissatisfaction with his bond and the requirement of said act of 1929 that he should give bond with a solvent surety company as security," and Moody on August 3, 1931, "filed with the ordinary of said county an additional bond" as guardian of Jordan in the sum of $10,000, with the defendant as surety thereon: that this bond was "accepted and approved" by the ordinary: that neither Moody nor the defendant surety company has accounted to petitioner's ward or to any other person for any part of the ward's estate : that there has been no administration upon the estate of the deceased guardian.   From the

statement attached to the petition as an exhibit, there came into the guardian's possession funds belonging to the ward on various dates from the time of the guardian's appointment on July 3, 1919, to the date of his death on September 27, 1931. Some of the funds came into his possession prior to August 3, 1931, when the bond sued on was executed, and some of the funds came into his possession after that date. The petition alleges that the defendant sureties are indebted to petitioner's ward in the amount of money alleged to have come into the guardian's hands, with interest. The petition was demurred to generally, and upon the ground that it nowhere appears that there had been any devastavit and particularly there had been no devastavit after the execution of the bond sued on. The demurrer was overruled.

The allegation in the petition, that the bond sued on was executed by the defendant and was filed with the ordinary and accepted and approved by him, is a sufficient allegation, as against a general demurrer, that the bond is a legal and binding obligation upon the defendant.

From the allegations of the petition it appears that Moody was appointed guardian in 1919 and at the time qualified as such and executed the required guardian's bond. The bond sued on, which is an "additional" bond, was executed after notice to the guardian by the ordinary upon the ground, as alleged, that the ordinary was dissatisfied with the guardian's existing bond, is an additional bond to the one which the guardian had already given.

The bond sued on was executed as an "additional bond" and not as a "new bond." It does not appear that the first surety was discharged. The allegation that the bond sued on is an additional bond implies that the surety represented by the original bond was not discharged. Since the bond sued on is an additional bond and the old surety has not been discharged, the new surety represented in the bond sued on is liable for devastavits committed only after the execution of the new bond on August 3, 1931. *Huson* v. *Green,* 88 *Ga.* 722 (16 S. E. 255); *Lamar* v. *Walton,* 99 *Ga.* 356 (3) (27 S. E. 715); *Fidelity & Deposit Co.* v. *Norwood,* 38 *Ga. App.* 534 (3) (144 S. E. 387). See *Bryant* v. *Owen,* 1 *Ga.* 355. Since it does not appear from the petition what funds the guardian had on hand when the new bond was executed, or that the estate of the guardian on that date was solvent to the extent of the amount of

funds of his ward which had come into his possession up to that date; and since it also does not appear what funds of the ward came into the guardian's hands after the execution of the new bond on August 3, 1931, and the guardian's death on September 27, 1931, which was within two months thereafter, it does not appear, assuming there has been a devastavit, that there is any liability on the bond sued on in the full amount of the funds of the ward which had come into the guardian's possession as alleged in the petition. There is a liability on the bond as respects the small amounts which came into the possession of the guardian during the three weeks between the date of the execution of the bond and the guardian's death, provided as to these funds there was a devastavit.

The fact that there is no administration upon the estate of the deceased guardian does not show a devastavit. In *Ray* v. *Justices,* 6 *Ga.* 303 (2), it was held that "In an action by the present guardian, against the administrator of the former guardian, and his securities on the bond, the plaintiff must show affirmatively some act of waste or maladministration by his predecessor during his life; and the bare reception of money for his wards, without further proof of default, is not, per se, a breach of the bond." See *Justices of Morgan County* v. *Woods,* 1 *Ga.* 84 (2). In *United States Fidelity & Guaranty Co.* v. *Davis,* 2 *Ga. App.* 525 (58 S. E. 777), it appeared that the estate of the deceased guardian was insolvent, and therefore a devastavit was established.

The only allegation in the petition which could possibly be construed as alleging a devastavit is an allegation that the guardian had not accounted for the ward's money. As applied to the ward's money which had come into possession of the guardian during the last seven weeks of his life and before he could be called upon by the ordinary to make any returns or to account therefor, this allegation is insufficient as showing a devastavit. The petition failed to set out a cause of action, and the court erred in overruling the demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*