23769. JENNINGS *v.* LONGINO.

DECIDED SEPTEMBER 17, 1934.

*C. N. Davie, J. F. Kemp, H. T. Golightly,* for plaintiff.
*Arnold, Gambrell & Arnold,* for defendant.

GUERRY, J. Thomas H. Jeffries, as ordinary of Fulton county, brought an action, suing for the use of J. H. Jennings as administrator of the estate of Lillie Flinn, deceased, against J. H. Longino on a certain bond signed by Longino in 1906 as security for Victor C. Campbell, guardian for Lillie Flinn, who was at that time a minor. The petition alleges that Jennings was the son and sole heir at law of Lillie Flinn; that in 1906 Lillie Flinn inherited from her father the sum of $1000, and that Victor C. Campbell, her brother-in-law, was named as her guardian; that his bond as such guardian was signed by J. H. Longino; that in order to induce J. H. Longino to sign said bond, Campbell loaned to Longino said $1000 and took his note therefor and for interest at the rate of 7 per cent. It is not alleged on what date the note became due. Longino paid to Campbell $100 of the principal and $70 interest. The amount sued for is $900 with interest. It is alleged that in May, 1907, J. H. Jennings was born to Lillie Flinn, and a few days thereafter Victor Campbell and Lillie Flinn disappeared, and that they have not been seen or heard of since that time and that Lillie Flinn

is presumed to have died in May, 1914; that she became 21 years old in May, 1913; that neither Victor C. Campbell nor J. H. Longino has ever made any returns as guardian for the said Lillie Flinn. J. H. Jennings, who became of age in 1928, was appointed administrator of the estate of Lillie Flinn in 1932, and brought this action as shown above. While not material to a decision of this case, a reading of the decision as reported in 177 *Ga.* 591, will be deeply interesting. The old saying that "truth is stranger than fiction" is well illustrated by the facts pleaded and reported in that case, which have all the elements that go to make up the tragedy that stalks in human lives and experiences.

Without elaborating on all the special grounds of demurrer we will discuss the one point on which we think depends the correctness of the ruling complained of. In its last analysis this is a suit on a guardian's bond. It is properly brought against the surety on the bond alone, under the allegations of the petition. Campbell, the guardian, is either dead or at least has placed himself in a position where an attachment would lie as against him. See, in this connection, *United States Fidelity &c. Co.* v. *Davis, 2 Ga. App.* 525 (58 S. E. 777); Civil Code, §§ 4083, 3054. Jennings, as administrator of the estate of Lillie Flinn, has no higher rights than those of the alleged deceased ward. A ward on coming of age may cite his guardian for a settlement. Civil Code (1910), § 3076. "It shall be in the power of the ordinary to order any property in the hands of the guardian to be delivered to the ward or the new guardian and also to issue execution for any balance of money found to be due by the guardian to the ward." Civil Code, § 3081. "When any guardian shall fail or refuse to settle and account with his ward upon his coming of age, such ward may institute his suit in the first instance against his guardian and sureties without first suing his guardian." Civil Code, § 3055. These remedies seem to be cumulative. The petition in this case alleges that the ward, Lillie Flinn, became of age in May, 1913, and that she was presumed to have died in May, 1914, one year after becoming of age, this presumption arising because of her disappearance and being unheard of by those likely to hear since May, 1907. If she had been in life, before she would have had a cause of action on the guardian's bond it would have been necessary to allege and show that the guardian had failed to account to her for. money or effects belong-

ing to her which came or should have come into his possession. Jennings, her administrator, must allege and show, not only that the guardian has failed to pay him as administrator, but also that no payments were made to Lillie Flinn after her majority. The fact that Longino owes the guardian a sum of money which originally belonged to the ward is not a sufficient allegation that he did not pay or settle with his ward when she became of age. The death of Lillie Flinn arises by operation of a presumption. The law presumes all men honest in their dealings (*Eaves* v. *Fears,* 131 *Ga.* 820, 64 S. E. 269), just as the presumption of innocence prevails in favor of a defendant. A contract made, whether it be express or implied, is ordinarily presumed to have been complied with, and before an action for its breach will lie, such breach must be alleged. If Campbell settled with his ward after she became of age, such settlement precludes this action. There is no presumption that such settlement was not had and that Campbell has not complied with his obligation. An action on a contract which contains a condition precedent must allege the performance of the condition, or a proper demurrer will be sustained. *Dalton News Co.* v. *Daniel,* 48 *Ga. App.* 772 (173 S. E. 727). The condition of the guardian's bond in the present case is that "if" the guardian shall pay over all the assets that may remain in his hands when said guardianship shall terminate, then this obligation to be void. A condition precedent to an action on the bond was the failure of Campbell to perform such conditions. The failure of Campbell to make annual returns does not of itself subject him to an action on his bond, but only prevents his collecting for his services. Civil Code (1910), §§ 3051, 3063. In *Woods* v. *Woods,* 1 *Kelly,* 84, it is said: "In a suit against the discharged surety on the guardian's bond the plaintiff must prove *affirmatively* some *default* or act of *malfeasance* on the part of the guardian *prior to the discharge of the security,* which in law would constitute a *breach of the bond.* Evidence of the *bare reception* by the guardian of the ward's estate and nothing more, is insufficient to charge such security." Quoting further: "The legal presumption is the guardian managed the money and effects of his ward properly—that he obeyed '*the mandates of the law and performed all his official duties, till the contrary is proved.*'" In 24 C. J. 1099, it is said that in an action on a bond "the breach must be directly and positively averred, the particular

breach or breaches relied on being positively stated, together with the facts necessary to show the commission of the breach. . . In other words, a specific cause of action must be alleged with reasonable certainty and precision." In *Freeman* v. *Brewster*, 93 *Ga.* 648 (21 S. E. 165), it will be noted that the suit was predicated on the fact that assets were shown to have come into the hands of the guardian and that, after *demand* was made by the *ward* upon his coming of age, *and a failure or refusal to comply therewith,* a cause of action was set out. If it were alleged in the present case that after Lillie Flinn came of age she made a demand for payment to her by her guardian which was refused, or that she had not in fact been paid or settled with by her guardian, and that he still has money in his hands which belongs to her or to her administrator, a cause of action would possibly be set out. Without such an allegation there is a failure to show any right of action in this case; and the court did not err in disallowing the amendment to the petition or in sustaining the general demurrer thereto.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*