26188. BANISTER *et al.* v. BAGLEY, ordinary, for use.

DECIDED OCTOBER 30, 1937.

*J. H. Kirby, R. E. Kirby, A. W. Vandiviere,* for plaintiffs in error.

*John F. Echols, H. S. Brooks,* contra.

GUERRY, J. The present action is one brought by the ordinary for the use of minor children against their guardian and the surety on his bond. It is alleged that the guardian expended a certain amount of the corpus of the wards' estate without an order of the court of ordinary and judgment is prayed for this sum.

■ The petition set out a cause of action, and the court did not err in overruling the general demurrer. See *Adams* v. *Reviere,* 59 *Ga.* 794; *Shipp* v. *McCowen,* 147 *Ga.* 711 (2) (95 S. E. 251); *U. S. Fidelity & Guaranty Co.* v. *Davis,* 2 *Ga. App.* 525 (58 S. E. 777); *Fidelity & Deposit Co. of Md.* v. *Norwood,* 38 *Ga. App.* 534 (144 S. E. 387).

■ The following constitutes the entire brief of evidence contained in the record filed in this court: "Plaintiff introduced in evidence the annual returns of the guardian, and same were admitted by the court without objections. Also, a petition of guardian, and order to invest $1600 of the fund in real estate. One of the defendants, C. E. Jones [guardian and father of the wards], being called for the purpose of cross-examination, being sworn testified: His testimony in substance was that he had paid out the various sums as alleged, without any order of court. And had collected all the amounts as listed in the amended petition of plaintiffs. Whereupon plaintiff rested. R. L. Bagley, ordinary, being sworn for the defendants, testified: I am the ordinary of Forsyth County. I did not bring this suit, nor authorize nor consent for it to be brought. Cross-examination: Yes, I told you it would be all right for you to bring the suit in my name for the use of the parties named. There being no further evidence, the court directed a verdict for the plaintiff in the sum of $804.27" (the amount sued for). The defendant excepted to the direction of the verdict, as contrary to law. The evidence does not support the verdict. It was essential to the plaintiff's cause of action that it be shown that the amount of money expended by the guardian without an order of the ordinary was a part of the corpus of the estate of the wards. While the defendant on cross-examination admitted the expenditure of the amounts set out in the petition, there is nothing in the evidence from which it may be inferred

that these amounts were actually a part of the corpus of the estate, as distinguished from income.

■ In construing section 49-202 of the Code, the Supreme Court, in *Cook* v. *Rainey*, 61 *Ga.* 452, said: "One of the modes of giving the ordinary's consent to the expenditure of more than the annual profits of the ward's estate for the expenses of maintenance and education is by approving the regular annual returns of the guardian when the returns show on their face that the expenses have exceeded the income." The plaintiff in error argues, in his brief filed in this court, that the returns of the guardian were approved, and that this should bar a recovery in the present action, under the above principle. However, the returns, which were introduced in evidence without objection, were not made a part of the brief of evidence as contained in the record before this court, and this court has no power to order that they be sent up to determine whether they were approved or ordered to record by the ordinary. *Parks* v. *Norman*, 108 *Ga.* 373 (33 S. E. 1005). If in fact the ordinary had approved the returns, this fact should have been made to appear by introducing in evidence "an exemplification from the records of the court of ordinary" (*Byne* v. *Anderson*, 67 *Ga.* 466), and should have been made a part of the brief of evidence upon appeal. We can not pass this case without commenting upon the very meager record. It has necessitated the consumption of much time of this court in attempting to apply legal principles to the facts; for there are so few facts brought out by the brief of evidence before this court that it has been next to impossible to find the truth. In our study of the present case, we have prepared a brief of the authorities touching upon cases of the present character. We cite these authorities for convenience of counsel, and suggest that upon a new trial of the case a more thorough investigation be made upon the issue involved, and all the available evidence upon the issue be brought before the court. Code, §§ 49-201, 49-202, 49-230, *Rolfe* v. *Rolfe*, 15 *Ga.* 451; *Rolfe* v. *Rolfe*, 20 *Ga.* 325; *Royston* v. *Royston*, 29 *Ga.* 82; *Smith* v. *Hilly*, 29 *Ga.* 582; *Dowling* v. *Feeley*, 72 *Ga.* 557; *Williams* v. *Adams*, 94 *Ga.* 270 (21 S. E. 526) ; *Shipp* v. *McCowen*, supra; *Adams* v. *Reviere*, 59 *Ga.* 794; *Speer* v. *Tinsley*, 55 *Ga.* 90; *Poullain* v. *Poullain*, 76 *Ga.* 420; *U. S. Fidelity & Guaranty Co.* v. *Davis*, supra; *Peavy* v. *Clemons*, 10 *Ga. App.* 507 (73 S. E.

756); *Prine* v. *Mapp*, 80 *Ga.* 137 (5 S. E. 66); *Little* v. *West*, 145 *Ga.* 563 (89 S. E. 682).

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*