## A00A0350. HAYES v. CLARK.
### (530 SE2d 38)

PHIPPS, Judge.

Helen Hayes, the adoptive mother of Sheronda Hayes (now Clark), was appointed Clark's guardian ad litem in litigation arising from an automobile collision in which both were injured. A monetary judgment in favor of Clark directed Hayes to hold the money in trust until Clark's eighteenth birthday. Instead, Hayes deposited the money into her own account. When she failed to deliver the funds to Clark after she turned 18, Clark brought this action against Hayes for conversion of the funds.

At trial, Hayes defended on grounds that she was not financially able to support Clark without using the child's estate. The court questioned whether the evidence showed that Hayes was not financially able to support the child. Ultimately, the court ruled that even if financial inability had been established, it would not be a defense to Hayes's breach of her duties as trustee. After directing a verdict in Clark's favor, the court entered judgment in the amount of $12,139.94 principal and interest. Hayes appeals. She contends that the trial court erred when it did not apply what she claims to be the controlling authority and when it found that the settlement order created an express trust. We find no error, and we affirm.

Clark was born in 1973 and adopted by Hayes in 1983. They resided in New Jersey. As a result of a 1985 automobile collision in that state, personal injury actions were brought by Hayes on behalf of herself and Clark in a New Jersey superior court. In 1989, the parties moved to Georgia. Later that year, the New Jersey court entered judgment

> in favor of the plaintiff, Sheronda Hayes, an infant by her guardian ad litem, Helen Hayes, . . . in the sum of $5,887.50 . . . against the defendant . . . ; said sum to be disbursed to the guardian and mother of the infant plaintiff, Helen Hayes, to be held by Helen Hayes in trust for her daughter until her daughter's 18th birthday; and any bond of said guardian is hereby waived.[1]

---

[1] Hayes subsequently received a $5,887.50 check made payable to her as Clark's guard-

Hayes filed a pretrial motion asking the trial court to construe this order as not having established an express trust. Applying Georgia law because there was no proof of the law of the State of New Jersey,[2] the court ruled that the order created a valid express trust.

1. Hayes challenges the correctness of this ruling.

She argues that the New Jersey order did nothing more than recognize that she was Clark's guardian. There is no merit in this argument. The order did recognize that the action had been prosecuted by Hayes on behalf of Clark in her capacity as guardian ad litem and that she was also Clark's (natural) guardian and mother. But the order also directed Hayes to hold the money "in trust" on behalf of Clark until her eighteenth birthday.

> An express trust shall be created or declared in writing. An express trust shall have each of the following elements, ascertainable with reasonable certainty: (1) An intention by a settlor to create a trust; (2) Trust property; (3) A beneficiary; (4) A trustee; and (5) Active duties imposed on the trustee, which duties may be specified in the writing or implied by law.[3]

There is no merit in Hayes's argument that the New Jersey order did not establish an express trust because it did not name or impose active duties upon a trustee. Clearly, Hayes was the trustee. And active duties imposed on the trustee "may be specified in the writing or implied by law."[4]

Nor is there merit in Hayes's argument that the New Jersey court could not be the settlor of a trust. Because the court had legal capacity to transfer title to the property, it could direct the guardian to hold the money in trust for the child.[5]

2. In reliance on *Pettigrew v. Williams*,[6] Hayes contends that the trial court erred in directing a verdict in favor of Clark. There is no merit in this contention. Under *Shipp v. McCowen*,[7] the direction of a verdict was proper.

*Pettigrew*, like the present case, was an action by a child (Wil-

---

ian and drawn on her lawyers' trust account. The check was accompanied by a letter from the law firm directing Hayes to deposit the check into an interest-bearing account on behalf of Clark and to turn the proceeds over to her when she reached her eighteenth birthday.

[2] See *Danzell v. Cannon*, 224 Ga. App. 602, 603 (1) (481 SE2d 588) (1997) (absent proper introduction and proof of the law of a sister state, it is presumed that such foreign law is identical to Georgia's).

[3] OCGA § 53-12-20 (a), (b).

[4] OCGA § 53-12-20 (b) (5).

[5] See OCGA § 53-12-22.

[6] 65 Ga. App. 576 (16 SE2d 120) (1941).

[7] 147 Ga. 711 (95 SE 251) (1918).

liams) against her mother (Pettigrew). After the child's father died, Pettigrew was appointed guardian of the person and property of Williams and her other minor children. Pettigrew later received approximately $13,000 as property of her wards. When Williams attained majority and did not receive her share of the funds, she filed a petition against Pettigrew in the court of ordinary (now probate court) for an accounting and settlement. In her defense, Pettigrew submitted annual returns which had been filed by her as guardian and which purported to show that all money received, except about $300, was spent for the support and maintenance of the wards.[8] Williams sought to amend her petition to attack the returns and accompanying vouchers. The court of ordinary disallowed the amendments. On appeal, the superior court did likewise and directed a verdict approving the returns of the guardian.

This court reversed, holding that the annual returns of a guardian, even when allowed by the ordinary, are only prima facie evidence of the correctness thereof and may be attacked by the ward in an application for a settlement.[9] The court recognized, however, that where circumstances are such that the parent is not financially able to support and educate the child, an allowance for that purpose may be made from the child's estate either as a provision for the future or as reimbursement for past expenditures.[10]

In *Shipp*, Shi was appointed administrator of the estate of her husband. Shi and her four children were the distributees of the estate. Shipp, who was one of the children, brought a petition for settlement and was awarded approximately $3,000 as her distributive share. But Shi was insolvent, and Shipp sought to collect the judgment against the McCowens as surety on the administrator's bond. The McCowens defended by alleging that Shipp had received her entire distributive share through Shi's expenditure of estate assets for the support and maintenance of the children. The trial court accepted this defense.

The Supreme Court reversed. It held that if it had been necessary to expend the corpus of Shipp's share for her maintenance and education, a guardian should have been appointed who should have made application to the court to encroach upon the corpus for that purpose.[11] The Court held that the discretion to allow the corpus of the estate to be used for the maintenance and education of the ward belonged to the ordinary alone, although it also recognized that, if the guardian had made such expenditures without prior court

---

[8] See OCGA § 29-2-44.
[9] 65 Ga. App. at 585 (3).
[10] Id. at 588-589.
[11] 147 Ga. at 714; see OGCA §§ 29-2-2; 29-4-2 (b).

approval, the court could have ratified the action by approval of regular annual returns.[12] Because Shi had expended the corpus of Shipp's distributive share without obtaining court approval or making returns of the expenditures, the Supreme Court held that the sureties could not raise the asserted defense.[13] The Court observed, "It may seem that this is applying a harsh and stern rule . . . , but it is the only rule that will safeguard the estate of minors."[14]

This case is controlled by the reasoning employed in *Shipp*. Because Hayes without court permission failed to comply with her duty to hold the money in trust until distributing it to Clark when she reached 18, she cannot now claim that she depleted the trust fund for a purpose which the court may have authorized. The observation made in *Shipp* is apt. This rule may be harsh, but it is necessary to safeguard trust estates.[15]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 17, 2000.

*Straughan & Straughan, Mark W. Straughan*, for appellant.
*Simpson & Cross, Ralph F. Simpson*, for appellee.

---

[12] 147 Ga. at 715.
[13] Id. at 714.
[14] Id.
[15] Accord 76 AmJur2d, Trusts, §§ 335, 347, 374 (1992).