Rhonda K. Wood, Justice, dissenting. I dissent. James Corn has attempted an end-run around federal Medicaid law and Arkansas trust law. While I agree with the majority that the trial court erred in its particular analysis, I. would still affirm the circuit court because, as a matter of law, the trust cannot be created in this case. . First, a “D4A” trust cannot be self-settled. Second, the circuit court cannot settle a trust, in the first instance, with assets that are controlled by someone else. Neither Corn nor the majority makes any attempt to describe how we should review this case.[1] In any event, courts of equity traditionally had jurisdiction over trusts. Anna Flippin Long Trust v. Holk, 315 Ark. 112, 113, 864 S.W.2d 869, 869 (1993). We review cases that | ^traditionally sounded in equity de novo. See Burnette v. Perkins & Assocs., 343 Ark. 237, 239, 33 SW.3d 145, 148 (2000). Applying this standard, we “review both law and fact ... [and] may always enter such judgment as the chancery court should have entered upon the undisputed facts in the record.” Id. This is an especially important consideration here: not only is this a one-brief appeal, but this is a one-party case. On a de novo review, we can clearly affirm, albeit for a different reason from the circuit court The most fundamental reason to deny Corn’s petition is that it is contrary to the intent of the federal law. Here, Corn attached a predrafted trust document to his petition entitled “James Corn D(4)(A) Special Needs Trust.” , The document provided that the trust was irrevocable,, with the Pulaski County Circuit Court acting as settlor. However, the document stated that the trust “is established with James Corn’s assets and James Corn is the sole beneficiary of the trust.” A “D4A” trust is authorized under the Omnibus Reconciliation Act of 1993. Pub.L. No. 103-66, 107 Stat. 312 (1993). As a threshold matter, the Act provides that assets contained in a self-settled trust are countable or “available” for the purposes of determining Medicaid eligibility. 42 U.S.C. § 1396p(d)(l)-(3). That is, if a beneficiary places his own assets in a trust, those assets are counted against him. However, these rules do not apply to assets held in trusts that meet certain requirements. 42 U.S.C. § 1396p(d)(4)(A). One of these requirements is that the trust is established by a parent, grandparent, legal guardian, or court. In other words, a “D4A” trust cannot be self-settled. If Congress wanted to allow the trust to be self-settled (allowing the establishment of a “D4A” trust by' the intended' beneficiary _Jjjhimself), it would have included the beneficiary in the list of those who could establish the trust.[1] However, it did not. For a court to do so upon demand would virtually write an additional, term into federal law, which in the same Act provided that assets in self-settled' trusts were countable for purposes of Medicaid eligibility. Another reason to deny thé ^petition is that the circuit court lacked the capacity to act as settlor of the trust. In an attempt to evade federal law’s counting of assets in self-settled trusts, Corn purported to have the circuit court act as settlor. However, the Arkansas Trust Code' provides that a trust may be created only if “the settlor has capacity to create a trust.” Ark.Code Ann. § 28-73-402.' “A person has capacity to create an irrevocable inter vivos trust by transfer to another or by declaration to the same extent that the person has capacity to transfer the property inter vivos free of trust in similar circumstances.” Restatement (Third) of Trusts § 11(3) (2003). “One cannot create a trust of property of which another has sole and complete ownership.” Id. § 41 cmt. B. The circuit court thus lacked the capacity to create the trust because the court couldn’t otherwise transfer the assets in question. The circuit court didn’t possess or own the assets, Corn did. This was reflected in the trust document, which stated that the trust was funded with Corn’s own assets. Because Corn solely and completely owned the money, only he could settle a trust with that property. But because assets in a self-settled trust are countable for Medicaid eligibility, Corn creatively petitioned the court to “settle” the trust in his stead. However, the court couldn’t create a trust using property that belonged solely to James Corn and was outside the court’s jurisdiction. See Draper v. Colvin, 779 F.3d 556, 563 (8th Cir. | ]g2015) (“When a trust is formed with an initial, existing res, like the trust at issue here ... traditional trust law hold[s] that someone with a legal interest in the entire res must be involved in the trust’s creation; otherwise, the trust is invalid.”). Therefore, the trust, as presented to the court, was invalid on its own terms. Certainly, the majority is correct that in some circumstances, a court can create a “D4A” trust; otherwise, the court would not be listed as an authorized settlor in section 1396p(d)(4)(A). What the majority ignores is that a court must create a trust consistent with the Arkansas Trust Code. In the precedents from other jurisdictions that say a court can settle a trust, the court already had jurisdiction over the person or things involved. For example, a Georgia case noted that a court could be the settlor of a trust because it “had legal capacity to transfer title to the property.” Hayes v. Clark, 242 Ga.App. 411, 530 S.E.2d 38, 39 (2000). But there, an earlier court had created the trust for a minor who had received a money judgment resulting from a car accident. Id. Under those circumstances, it is clear that the court did have capacity to transfer legal title: the court obtained jurisdiction over the defendant, established that defendant’s liability for negligence, and ordered the defendant to pay the plaintiff money damages via a trust instrument. Similarly, in State v. Hammans, 870 N.E.2d 1071, 1074 (Ind.Ct.App.2007) an Indiana case cited by the majority, Nicholas Hammans was disabled in a car accident. Hammans’s parents, acting as the guardians of Ham-mans’s estate, fíled a lawsuit on his behalf. The case settled and the proceeds were transferred into the guardianship estate, which was supervised by the trial court. The trial court then created a special-needs trust for Hammans. [ ^Likewise, a probate court could certainly create a D4A trust when disbursing assets under a decedent’s estate. Yet the assets here passed to Corn outside of probate.[2] And in other instances, a defendant may establish a trust for the plaintiffs benefit with court approval following a settlement agreement. Cf. Hobbs ex rel. Hobbs v. Zenderman, 579 F.3d 1171, 1175 (10th Cir.2009). In that situation, the defendant, not the court, is the settlor. But that is an entirely different question from whether a person can petition the court, in the first instance, to create a trust, for himself, with his own money. Corn has failed to present a single Arkansas case or statute that would allow the court to create a trust upon petition alone, which is otherwise contrary to the Arkansas Trust Code. Under the Trust Code, the circuit court has subject-matter jurisdiction to hear “proceedings . brought by a trustee or a beneficiary concerning the administration of a trust or of other proceedings involving a trust.” Ark.Code Ann. § 28-73-203 (Repl. 2012). This case does not involve the administration of a trust nor is it a proceeding involving a trust. Indeed, no trust has even been established. The circuit court can’t create the thing that would establish its jurisdiction. Rather, the Trust Code contemplates that a trust already exists before the circuit court has the power to modify the document and determine the legal relations contained therein. E.g., Ark.Code Ann. § 28-73-201(c) (“A judicial proceeding involving 114a trust may ... includ[e] a request for instructions and an action to declare rights.”); Ark.Code Ann. § 28-73-410(b) (“A proceeding to approve or disapprove a proposed modification or termination ,.. may be commenced by a trust or beneficiary, and a proceeding to approve or disapprove a proposed modification or termination may be commenced by the settlor.”). The Trust Code has no mechanism for the circuit court to settle a trust upon petition from a potential beneficiary. In some circumstances, the Arkansas Code allows a circuit court to establish a trust. For example, it is the duty of the circuit court to appoint a trustee for a person imprisoned in another country or who is otherwise missing. Ark.Code Ann. § 28-72-102(a). This section also provides the initiation procedure for this type of trust. Ark.Code Ann. § 28-72-102(b). But no corresponding statute provides for the circuit court to settle a special-needs trust for the purpose of shielding a person’s assets from Medicaid. This why the majority’s citation to cases from New York are unpersuasive: New York law provides that a court can establish a special-needs trust in the first instance under a state statute that specifically authorizes such a procedure. See Mental Hygiene Legal Serv. ex rel. Thomas C. v. Bishop, 298 A.D.2d 644, 748 N.Y.S.2d 617 (2002); N.Y. Est. Powers & Trusts Law § 7-1.12 (McKinney). To conclude, the majority needlessly departs from our trust code and creates unnecessary precedent in this one-party case. I would affirm the circuit court: though it stated the wrong reason, it reached the right result when it denied Corn’s petition. This is not a novel disposition, as we have affirmed under this doctrine for at least a century. See Miller v. Miller, 130 Ark. 28, 33, 195 S.W. 1071, 1073 (1917) (quoting Dawkins v. Petteys, 121 Ark. |ia498, 181 S.W. 901 (1915) (“The ultimate fact to be determined on appeal in chancery cases is not whether the chancellor pursued correct and logical mental processes in reaching his conclusion, but whether the conclusion itself is correct.”)). Baker and Hart, JJ., join. . Corn has thus failed to comply with our briefing rules: "For each issue, the applicable standard of review shall be concisely- stated, at Ae beginning of Ae discussion of Ae issue.” Ark. Sup. Ct. R. 4-2(a)(7) (2015). . The majority claims, presumably upon counsel’s representations at the hearing, that Com had not yet received any funds in his capacity as a beneficiary designee. This has no impact on the analysis because Corn legally owned those funds regardless. The proceeds from Yelvington’s life insurance policy and the assets in Yelvington’s bank account were nonprobate assets. 4 Arkansas Probate & Estate Admin. § 1:15. Accordingly, these assets “pass outside of the probate estate at the death of the decedent.” Id. § 1:6. Com owns and exclusively controls the assets going into the trust.